■ In the Matter of ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Respondent. MARIE H., Respondent; CITY OF NEW YORK, Appellant. [627 NYS2d 357] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 28, 1993, appointing counsel for an allegedly incompetent person and directing appellant City of New York to pay compensation to said counsel and order and judgment (one paper) of the same court and Justice, entered February 24, 1994, containing, *inter alia,* the same directive, are unanimously modified, on the law and facts, solely to reverse and vacate those portions of the decretal paragraphs which direct the appellant to pay counsel, and the matter remanded to the IAS Court for reconsideration of this issue, with notice to the appellant and an opportunity for appellant (and respondent) to submit any facts and arguments for the court's consideration, and with leave, if the parties deem such advisable, to add the State of New York as a party to this proceeding, without costs or disbursements.

Pursuant to the provisions of article 81 of the Mental Hygiene Law, the petitioner sought the appointment of a temporary guardian for Marie H., an elderly indigent woman, a patient at St. Luke's Hospital, who was allegedly impaired. Petitioner made the application for the purpose of involuntarily transferring the respondent to a nursing home. The nisi prius court found that where such a petition seeks the appointment of a temporary guardian to involuntarily transfer the allegedly impaired person (AIP) to another facility and to make major medical decisions without the AIP's consent, an indigent AIP is constitutionally entitled to counsel at public expense pursuant to County Law article 18-B.

The appellant City does not contest on this appeal that the respondent does have the right to assigned counsel by reason of a constitutional mandate. However, we find that the IAS Court erred when, without notice or fact-finding, it adjudged that the City is the entity responsible for the payment of article 81 assigned counsel. The appellant City's first opportunity to address this issue comes upon this appeal, since neither it, nor the respondent, had the opportunity to submit

factual arguments on the availability of alternatives to County Law article 18-B panelists to represent respondent (see, *City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753). Since the appellant has been denied notice and a reasonable opportunity to be heard, we modify and remand for reconsideration solely as to that issue, with leave to the parties, if so advised, to join the State of New York as a party. Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ. [See, 159 Misc 2d 932.]