OPINION OF THE COURT
Daniel F. Lucuiano, J.
In this proceeding commenced by Gloria Epstein, the mother of Andrew S. Epstein, pursuant to article 81 of the Mental *706 Hygiene Law, the court issued an order dated February 1, 1995 pursuant to which the petitioner was appointed as the guardian for the personal needs, and finance and property management of Andrew S. Epstein.
Subsequently, the court issued an order dated August 3, 1995 upon the application of the petitioner for an order directing the State of New York to transfer Andrew S. Epstein to a group home facility operated by Developmental Disabilities Institute. That matter was resolved by a stipulation, the terms of which were incorporated into the said order dated August 3, 1995.
As also directed by the August 3, 1995 order, the court held in abeyance consideration of the affirmation of services submitted by the attorney for petitioner and the Court Evaluator, and provided the attorney for the petitioner the opportunity to advise the court of the statutory or decisional law which serves as authority for an assessment of an award of fees for the attorney for the petitioner and the Court Evaluator against the State of New York, as sought by the petitioner.
Pursuant to an order dated March 2, 1995 the court has awarded to Harvey B. Besunder, Esq. for his services as the court-appointed attorney for the incapacitated person, Andrew S. Epstein, a fee in the amount of $2,500 payable out of the guardianship estate of Andrew S. Epstein.
The guardian, Gloria Epstein, has submitted an affidavit in which she asserts that Andrew S. Epstein’s only source of income is a monthly Social Security check in the amount of $659.
From this, $536 is paid to the New York State Office of Mental Retardation, which she is told, is for Andrew’s room and board.
An additional $40 per month is paid to Selden House, where Andrew resides, to pay for Andrew’s haircuts, entertainment, snacks, spending money and incidentals.
From the balance of $83 per month the petitioner indicates that she buys clothing for Andrew, and pays for his entertainment when she visits with him on weekends. She purchases items such as records and candy for Andrew, and the $83 is spent entirely.
The petitioner contends, therefore, that Andrew is indigent and that because the State "receives the vast majority of Andrews 'estate’, by way of the rerouted social security payments” *707 it should pay for the services of the petitioner’s attorney, the Court Evaluator and the attorney appointed by the court for Andrew S. Epstein.
The petitioner, however, has cited no statutory law or case law in support of the contention that the State of New York should be held liable for these fees in the current circumstances.
In the memorandum of law submitted by the Attorney-General on behalf of the New York State Office of Mental Retardation and Developmental Disabilities in response to the petitioner’s memorandum, argument is offered only on the issue of whether the State of New York should be required to pay the fees of counsel for the petitioner.
Silence on the questions of whether the State of New York should be compelled to pay the fees for the Court Evaluator or court-appointed counsel for the incapacitated person is not, however, a substitute for legal authority pursuant to which this court may require such payment.
It is noted that in a letter to the editor of the New York Law Journal, Justice Lorraine S. Miller of the Supreme Court, New York County, in calling for an amendment of article 81 of the Mental Hygiene Law recognized that "[n]o provision was made for compensating court evaluators, guardians or attorneys in those many instances where there are no assets or very limited assets.” (NYLJ, June 7, 1994, at 2, col 6.)
In Matter of St. Luke’s-Roosevelt Hosp. Ctr. (Marie H.) (159 Mise 2d 932, mod and remanded 215 AD2d 337 [to allow the City of New York to be heard on the availability of alternatives to County Law art 18-B panelists to serve as counsel]), the court concluded that an indigent person alleged to be incapacitated (AIP) in a Mental Hygiene Law article 81 proceeding had a constitutional right to counsel in a Mental Hygiene Law article 81 proceeding "at least where an article 81 petition seeks powers for a guardian of the person to either place the AIP in a nursing home or other institutional facility, or to make major medical decisions”. (159 Misc 2d 939, supra.) The court also noted that there may be a constitutional right to be represented by counsel if the alleged incapacitated person is involuntarily absent from the hearing, such as where the alleged incapacitated person is hospitalized out of State. The court found, in those circumstances, that there is a right to appointment of an attorney to be paid from public funds and, ac *708 cordingly, assigned counsel in accordance with County Law article 18-B.*
In this case inasmuch as counsel was appointed for Andrew S. Epstein the question of his constitutional right to counsel is not in issue. The court appointed a local practicing attorney, Harvey B. Besunder, Esq., to serve as counsel and did not employ mechanisms to have counsel paid by public funds. Moreover, the court notes that article 18-B of the County Law (722 thereof) directs counties to "place in operation throughout the county a plan for providing counsel to persons charged with a crime or who are entitled to counsel pursuant to section two hundred sixty-two or section eleven hundred twenty of the family court act or section four hundred seven of the surrogate’s court procedure act, who are financially unable to obtain counsel.” No mention is made of persons entitled to counsel in proceedings pursuant to article 81 of the Mental Hygiene Law.
A review of article 81 of the Mental Hygiene Law confirms the observations of Justice Lorraine S. Miller in her letter to the editor of the New York Law Journal and Justice Kristin Booth Glen in her opinion in Matter of St. Luke’s-Roosevelt Hosp. Ctr. (Marie H.) (supra) that article 81 does not provide a means for payment of counsel for the alleged incapacitated person or the Court Evaluator when the incapacitated person is indigent.
Moreover, thé statute makes no provision for payment of the fees for counsel for the petitioner other than from the assets of the incapacitated person.
Absent a demonstration of legal authority to the contrary, the court is constrained to conclude that the State of New York is not a reservoir for funds to be distributed merely to achieve what may appear to the petitioner to be a fair and reasonable result in the absence of authorization to do so.
To direct such payments where the incapacitated person is indigent would be to impose a major amendment upon article 81 of the Mental Hygiene Law by judicial fiat. This the court will not do. It is for the Legislature to consider and enact such amendments as it deems appropriate and necessary.
Although the court is constrained by the limits of the statute, it is, nevertheless, appropriate for the court to call to the *709 attention of the Legislature the recurring problem involving the lack of funds to pay for valuable services rendered when the alleged incapacitated person is indigent and the court respectfully urges the Legislature to revisit this aspect of Mental Hygiene Law article 81.
Returning to the matter at hand, one consequence of the current circumstances is that counsel for the petitioner must obtain his compensation from his client, the petitioner, Gloria Epstein.
Additionally, the Court Evaluator, Perry S. Reich, Esq., who has not yet been awarded a fee, and assigned counsel, Harvey B. Besunder, Esq., who was previously awarded a fee in the amount of $2,500 payable out of the guardianship estate of Andrew S. Epstein pursuant to an order of this court dated March 2, 1995, unfortunately, may be unable to receive payment for valuable services they have rendered.
Accordingly, it is ordered that the application by the petitioner, Gloria Epstein, to have the State of New York pay the fee of her attorney in this matter is denied, and it is further ordered that the value of the services rendered by the Court Evaluator, Perry S. Reich, Esq., is set in the amount of $1,875, and it is further ordered that court-appointed counsel, Harvey B. Besunder, Esq., and the Court Evaluator, Perry S. Reich, are presently denied the right to seek payment from the guardianship estate of Andrew S. Epstein, without prejudice to a right to demonstrate to the court, by means of a motion made on notice to the guardian, Gloria Epstein, that Andrew S. Epstein is not indigent, and that he has sufficient funds to pay the fees awarded, and it is further ordered that if no fees are collected by Harvey B. Besunder, Esq. and Perry S. Reich, Esq., respectively, they may receive appropriate pro bona credit.

 It appears that after the hearing directed by the Appellate Division, First Department, the IAS Court found that the New York County Law article 18-B panel should bear the cost. (Bailly, Practice Commentaries, McKinney’s Cons Laws of NY, Book 34A, § 81.10, at 314.)