■ In the Matter of St. Luke's-Roosevelt Hospital Center, Petitioner. Marie H. et al., Respondents; City of New York, Appellant. [640 NYS2d 73] —Order and judgment (one paper) of the Supreme Court, New York County (Kristin Booth Glen, J.), entered August 7, 1995, which directed respondent City of New York to pay the fees of attorneys appointed to represent indigent alleged incapacitated persons (AIPs) in every case in the City of New York where, (i) a petition pursuant to article 81 of the Mental Hygiene Law seeks appointment of a guardian with power either to place an AIP in a nursing home or to make major medical decisions for the AIP and, (ii) the Mental Hygiene Legal Service is not appointed to serve as counsel, affirmed, without costs.

Prior proceedings determined that an indigent AIP, such as respondent herein, is entitled to counsel at public expense in a proceeding under Mental Hygiene Law article 81 seeking the appointment of a guardian empowered to place the AIP in a nursing home and to make major medical decisions without the AIP's consent, and left open the question of whether the City or the State should bear the expense (215 AD2d 337, *modfg* 159 Misc 2d 932). Given legislative silence on the matter, Supreme Court appropriately directed that the expense should be borne by the City which, as between the City and the State, is the more appropriate source of public funding for the appointment of counsel in constitutionally mandated cases (*Deason v Deason*, 32 NY2d 93, 95). The court's declaration of the rights and duties of the parties accurately reflects the nature of the controversy and was not, as the City contends, inappropriate for a proceeding that was not a class action (CPLR 103 [c]).

We note that, pursuant to Mental Hygiene Law § 81.10 (g), whether to dispense with the appointment of a court evaluator is a matter entrusted to the sound discretion of the court. Upon

the record before us, we cannot say that declining to proceed in the absence of a court evaluator constitutes an improvident exercise of discretion. Concur—Rosenberger, J. P., Rubin and Mazzarelli, JJ.

Kupferman, J., dissents in a memorandum as follows: The court misses the point. It decides a secondary issue of which entity pays, the City or the State (in either case it is the taxpayer), and ignores the solution which the Legislature has made available.

The petitioner hospital commenced the instant guardianship proceeding pursuant to article 81 of the Mental Hygiene Law to place, involuntarily, the respondent, an indigent alleged incapacitated person, among other things, in a nursing home.

The Supreme Court designated the Mental Hygiene Legal Service of this Judicial Department as the court evaluator required by Mental Hygiene Law § 81.09 (a). Such evaluator did not have to be a lawyer, but could have been any person with the necessary skills, including a social worker or a nurse (Mental Hygiene Law § 81.09 [b] [1]).

The Supreme Court determined that, in addition to such evaluator, counsel should also be assigned for respondent and there's the rub. There is no provision for funding in the law and so we have this dispute about which entity should pay and can it be constitutionally mandated.

However, Mental Hygiene Law § 81.10 (g) provides: "If the court appoints counsel under this section, the court may dispense with the appointment of a court evaluator or may vacate or suspend the appointment of a previously appointed court evaluator."

Accordingly, it was an abuse of discretion to create a divisive issue when the solution was plain to see. With the Mental Hygiene Legal Service as her counsel, respondent would be well protected while the taxpayers would have one less funding obligation.