OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In November 1993, St. Luke’s-Roosevelt Hospital Center initiated a proceeding pursuant to article 81 of the Mental Hygiene Law for the appointment of a guardian for respondent, an indigent alleged incompetent person (AIP), for the purpose of transferring her to a nursing home and making major medical or dental treatment decisions without her consent. The AIP had a right to be represented by counsel of her choice in those proceedings if she could afford one (Mental Hygiene Law § 81.10) and if she could not afford counsel, the court was obliged to assign counsel because required to do so by statute (Mental Hygiene Law § 81.10 [c]) and because her constitutionally protected liberty interests were at stake
 
 (see, Lassiter v Department of Social Servs.,
 
 452 US 18;
 
 Rivers v Katz,
 
 67 NY2d 485). Supreme Court named an attorney as counsel for respondent and Mental Hygiene Legal Services as an independent court evaluator
 
 (see,
 
 Mental Hygiene Law §§ 81.09, 81.10; Bailly, Practice Commentaries, McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.10, at 314). Though the statute is silent as to the source of funds for payment of counsel if the AIP is indigent, the Supreme Court determined that competent counsel could not be obtained to represent the AIP without compensation. After remand to provide the City of New York with an opportunity to contest the issue, Supreme Court held that the City must pay for the court-appointed attorney at the rates provided in article 18-B of the County Law.
 
 *892
 
 A divided Appellate Division affirmed those determinations (226 AD2d 106).
 
 *
 

 The parties agree that the AIP was entitled to assigned counsel. The dispute between them is whether the court may require that counsel be paid and if so, by whom. We conclude that the Legislature, by providing for the assignment of counsel for indigents in the Mental Hygiene Law, intended, by necessary implication, to authorize the court to compensate counsel. There remains the question of whether the City or the State is responsible for that compensation.
 

 The two pertinent statutes are article 18-B of the County Law (§§ 722 — 722-f) and section 35 of the Judiciary Law. Assignments under article 18-B are paid for by the county (and by New York City for the five counties therein,
 
 see,
 
 § 722-e). Appointments under section 35 of the Judiciary Law are paid for by the State (§ 35 [5]). Although the statutes are silent on who should pay counsel in Mental Hygiene Law article 81 proceedings, the responsibility of paying for assigned counsel in the overwhelming majority of cases in which the appointment of counsel for indigents has been authorized has fallen upon the locality under article 18-B, rather than the State pursuant to Judiciary Law § 35. The evidence in the record before us establishes that article 18-B panels are better able, both financially and practically, to provide the needed assistance under this provision of the Mental Hygiene Law. Accordingly, in the absence of legislation directing otherwise, we affirm the determination of the courts below that assignment of counsel here is appropriately funded by the City of New York in accordance with the procedures set forth in County Law article 18-B.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur; Chief Judge Kaye taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 The dissenter concluded that Supreme Court had abused its discretion in requiring the appointment of counsel who had to be compensated when it could have avoided the dilemma by simply removing Mental Hygiene Legal Services as evaluator and appointing it to represent the AIP. We conclude the court did not abuse its discretion as a matter of law in failing to do so.