■ In the Matter of MARK S. RAPOPORT, as Commissioner of Westchester County Department of Health, Petitioner-Respondent, v G. M., Respondent. MARONEY PONZINI & SPENCER, Nonparty Appellant. [657 NYS2d 748] —In a proceeding pursuant to Public Health Law § 2120, the nonparty Maroney Ponzini & Spencer appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 15, 1996, which denied its application for an award of counsel fees.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

In a proceeding pursuant to Public Health Law § 2120 to involuntarily hospitalize a person there exists a constitutional right to counsel because the outcome of the proceeding may result in that person's losing his or her physical liberty (see, Lassiter v Department of Social Servs., 452 US 18, 25; Rivers v Katz, 67 NY2d 485, 492). "[I]t is the [party's] interest in personal freedom, and not simply the special Sixth and Fourteenth Amendments right to counsel in criminal cases, which triggers the right to appointed counsel" (Lassiter v Department of Social Servs., supra, at 25). Accordingly, the nonparty appellant law firm that represented G. M. in the proceeding pursuant to Public Health Law § 2120 is entitled to payment by Westchester County in accordance with the procedures set forth in County Law article 18-B (see, Matter of St. Luke's-Roosevelt Hosp. Ctr. [Marie H.—City of New York],

89 NY2d 889). Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.