*56 OPINION OF THE COURT
Richard F. Braun, J.
This is a special proceeding under Mental Hygiene Law article 81. After a guardian was appointed, the guardian moved by order to show cause for, among other things, an expansion of its powers to allow it to permanently place the incapacitated person (IP) into a nursing home. Because of that request, in the order to show cause this Court appointed an attorney to represent the IP (see, Mental Hygiene Law § 81.10 [c] [3]). When this Court requested that counsel serve in that role, he was informed that the IP appeared to have a relatively small amount of assets from which attorney’s fees possibly could be paid, although the guardian’s account stated that there are legal fees due to the guardian’s attorney, commissions due to the guardian, and an apparent Medicaid lien held by the New York City Department of Social Services. The amounts of these three items were not specified. Upon denial of the motion, the appointed counsel requested that this Court compensate him under County Law article 18-B (§ 722 et seq.) at an enhanced rate, but, upon his remembering that the IP had limited assets, the attorney modified his request. The attorney stated in his affirmation that his normal hourly rate is $295 per hour, that he expended approximately 4.75 hours in this proceeding, that he would “be happy with any reasonable fee,” or, in the alternative, that he be paid under County Law article 18-B at a rate of $50 per hour for out-of-court time and $80 per hour for in-court time, for a total of $267.50.
A guardian’s powers can be modified where the IP’s circumstances change (Mental Hygiene Law § 81.36 [a] [4]). The court has the power to award reasonable compensation to an attorney appointed for an IP in an article 81 proceeding where a modification of the guardian’s powers is being sought, as here (see, Mental Hygiene Law § 81.10 [a], [f|). Where an allegedly incapacitated person (AIP) is a poor person, the court can order that the locality pay counsel appointed under article 81 pursuant to County Law article 18-B (Matter of St. Luke’s-Roosevelt Hosp. Ctr., 89 NY2d 889, 892 [1996]). The same should apply to appointment of counsel for an indigent IP. Pursuant to County Law § 722-b, the rates of compensation to counsel who serve thereunder in a trial court are set at up to $40 per hour for in-court time and up to $25 per hour for out-of-court time, and in an appellate court not to exceed $40 per hour for in- or out-of-court time. However, where a trial or an appellate court determines that there are “extraordinary cir *57 cumstances,” the statute permits the court to award compensation at a higher rate. The rates for counsel in a trial court have not been raised since the January 1, 1986 effective date of the amendment to section 722-b which brought them up to the $40 and $25 per hour levels.
Even more important than dedicated and competent members of the Bar who are compensated pursuant to article 18-B being paid a fair remuneration for their services is assuring that their clients receive effective representation. There is a growing crisis in our judicial system that is being caused by the exceedingly low rates paid under article 18-B. In the criminal and Family Courts, there has been an inability at times to obtain a sufficient number of 18-B attorneys to staff the arraignment parts, and even apparent work stoppages have occurred (Wise, 18-B Lawyers Unavailable for Monday, NYLJ, Mar. 29, 2001, at 1, col 6; Riccardi, Brooklyn 18-B Panel Lawyers Expect to Take Fewer Cases, NYLJ, Dec. 18, 2000, at 1, col 3). Furthermore, many attorneys have asked to have their names removed from the 18-B assignment panels (see, Caher, Chief Judge Kaye, Others Speak on Children’s Issues, NYLJ, May 2, 2001, at 1, col 3). With Mental Hygiene Law article 81 proceedings, it can be difficult for a judge to find a fiduciary or attorney to serve for an indigent AIP or IP. Although usually the Mental Hygiene Legal Service (MHLS) will accept an assignment to supply able counsel for a poor AIP or IP, occasionally MHLS cannot represent an AIP or IP. Where the assignment is to represent an AIP before the initial hearing date, the court has to act quickly to find an attorney for the impoverished AIP, given the short statutorily mandated return date for the hearing in such a proceeding, pursuant to Mental Hygiene Law § 81.07 (a) (1). In a criminal proceeding, an indigent defendant, whose liberty may be at stake, has a constitutional fundamental right to appointment of counsel by the court (Gideon v Wainwright, 372 US 335, 345 [1963]; People v Witenski, 15 NY2d 392, 395-397 [1965]). This includes effective representation by the attorney (People v Baldi, 54 NY2d 137, 146 [1981]). In an article 81 proceeding, the Legislature has recognized that the AIP’s liberty interest to manage his or her property and/or control his or her own person is involved (see, Matter of St. Luke’s-Roosevelt Hosp. Ctr., supra, 89 NY2d, at 891) by providing that an article 81 hearing has statutory priority “over all other causes in the court.” (Mental Hygiene Law *58 § 81.13.) Therefore, indigent defendants in the criminal and Family Courts, and poor AlP’s and IP’s in article 81 proceedings have the right to appointment of effective counsel.
Chief Judge Judith Kaye and Chief Administrative Judge Jonathan Lippman have led the fight, along with other judges, judges’ associations, and leaders, organizations, and members of the Bar, to get the very deficient 18-B rates increased. On December 9, 1999, this Justice’s letter to the editor of the New York Law Journal was published therein calling for the Legislature to enact legislation to raise the 18-B rates and for the Governor to sign such a law (NYLJ, Dec. 9, 1999, at 2, col 6).
A growing number of judges recently have added their voices in published opinions to the clarion call for an increase in 18-B rates, at least implicitly, by determining that the effects of the inadequate 18-B rates have created “extraordinary circumstances” which permit the enhancement of compensation to attorneys who serve under County Law article 18-B (People v Lynch, NYLJ, Aug. 21, 2001, at 20, col 6 [Sup Ct, Kings County]; People v Johnson, NYLJ, June 29, 2001, at 20, col 3 [Sup Ct, NY County]; People v Johnson, NYLJ, Apr. 18, 2001, at 19, col 2 [Sup Ct, NY County]; Matter of Joshua AA., 187 Misc 2d 216, 225-226 [Fam Ct, Clinton County 2001]; Matter of Wager, NYLJ, Feb. 8, 2001, at 32, col 6 [Fam Ct, Dutchess County]; Matter of Dutchess County Dept. of Social Servs. [Anthony S.], 187 Misc 2d 348, 355 [Fam Ct, Dutchess County 2001]; Matter of Sweat, NYLJ, Jan. 24, 2001, at 31, col 1 [Fam Ct, Dutchess County]; People v Brown, NYLJ, Jan. 19, 2001, at 28, col 4 [Sup Ct, Bronx County]). Our system is failing many of those in need in criminal and Family Court proceedings, and less frequently in article 81 proceedings, and this should not continue any longer. The Legislature and Governor should act this year to raise the 18-B rates in order to give 18-B attorneys a fair rate of compensation so that there will be a sufficient pool of attorneys willing to accept 18-B assignments.
Because it appears that the IP may have sufficient assets to pay her attorney, this Court should award him reasonable compensation to be paid therefrom for 4.75 hours at the rate of $200 per hour, a total of $950. However, should it occur that there are not sufficient assets in the IP’s estate to pay her attorney his fee, then the Court should require that the City of New York pay him at the enhanced 18-B rates requested by *59 him of $80 for his in-court time and $50 for his out-of-court time, for a total of $267.50.*

 This Court wholeheartedly agrees with those courts which have held that an attorney should be compensated at the same rate for out-of-court time as for in-court time (see, e.g., People v Johnson, NYLJ, June 29, 2001, at 20, col 3 [Sup Ct, NY County]). Whether an attorney is expending his or her time in or out of court should not matter. Attorneys in private practice who charge their fees on an hourly basis do not normally distinguish between in- and out-of-court time. Giving 18-B attorneys a lesser rate for out-of-court time, particularly at the exceedingly low current rate, may actually discourage some lawyers from putting in the necessary time to prepare their clients’ cases adequately for trial. However, given the attorney’s request here, the distinction in the amounts awarded for his in- and out-of-court time has been made.