■ In the Matter of IDA Q., a Person Alleged to be Incapacitated. KENNETH R. et al., Respondents; RONALD R., Appellant. [783 NYS2d 680]—

Rose, J. Appeal from an order of the Supreme Court (LaBuda, J.), entered May 27, 2003 in Sullivan County, which, in a proceeding pursuant to Mental Hygiene Law article 81, inter alia, denied respondent's request for counsel fees.

Petitioners commenced this proceeding seeking to have a guardian appointed for their mother, Ida Q. Supreme Court ultimately appointed respondent, another son, as the guardian and, upon agreement of the parties, discontinued the proceeding shortly before the scheduled trial date. At that time, the parties also agreed that petitioners would submit an application for counsel fees, with respondent then given 20 days in which to apply, by cross motion, for his own counsel fees, and Supreme Court so ordered. Petitioners made their motion for such an award within 10 days. Respondent opposed the motion, but made no cross motion. By an order dated September 24, 2002, Supreme Court awarded petitioners counsel fees and expenses in the amount of $20,683.07. Four months later, when petitioners sought to collect their award, respondent moved for modification of this order on the ground that the amount awarded was unreasonable, and for an award of counsel fees and expenses for himself in the amount of $35,016.16. Supreme Court denied respondent's motions, prompting this appeal. We affirm.

Viewed as a motion to renew, respondent's motion for modification failed to present any newly discovered evidence (see CPLR 2221 [e]; Cippitelli v County of Schenectady, 307

AD2d 658, 658 [2003]). Viewed as a motion to reargue, his motion was clearly untimely (see CPLR 2221 [d] [3]; *Pearson v Goord*, 290 AD2d 910, 910 [2002]). In any event, respondent wholly failed to demonstrate that Supreme Court "overlooked any significant facts or misapplied the law" (*Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783 [1995]; see CPLR 2221 [d] [2]).

As for respondent's belated application for counsel fees, we agree that Supreme Court enjoys broad discretion to award such fees to him as a cross petitioner in a Mental Hygiene Law article 81 proceeding, even where, as here, the original petition is not granted and the proceeding is discontinued (see Mental Hygiene Law § 81.16 [f]; *Ricciuti v Lombardi*, 256 AD2d 892, 893 [1998]; *Matter of Spear*, 1 Misc 3d 910[A] [2004]). However, respondent made his motion long after the proceeding was discontinued and petitioners' motion for counsel fees was decided (cf. *Rose Val. Joint Venture v Apollo Plaza Assoc.*, 191 AD2d 874, 875 [1993]), without any explanation or excuse for his failure to promptly cross-move. Because of the obvious impact of two sizeable awards of counsel fees on the assets of Ida Q. and the advantages of considering both fee applications at the same time, Supreme Court did not err by refusing to consider respondent's motion on the merits.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.