■  In the Matter of LUKIA QQ., a Person Alleged to be Incapacitated, Respondent. LEONARD WAHL, as Deputy Commissioner of Social Services of Greene County, Appellant. [812 NYS2d 162]—

Lahtinen, J. Appeals from an order and judgment of the County Court of Greene County (Lalor, J.), entered December 1, 2004 and December 6, 2004, which, in a proceeding pursuant to Mental Hygiene Law article 81, awarded counsel fees to the court evaluator and to counsel for the alleged incapacitated person.

These appeals involve a dispute over counsel fees awarded in the underlying Mental Hygiene Law article 81 proceeding. In October 2003, the 92-year-old respondent was hospitalized with a diagnosis that included dementia after she was found lying, for an undetermined period of time, on the floor of the house where she had resided alone for many years. Her few known distant relatives refused to provide assistance in her care and petitioner commenced this proceeding seeking appointment of a guardian. Petitioner was appointed temporary guardian and, in December 2003, respondent was moved from the hospital to a nursing home. County Court appointed Robin Depuy-Shanley as the court evaluator (see Mental Hygiene Law § 81.09) and Eugenia Brennan as the attorney for respondent (see Mental Hygiene Law § 81.10).

Respondent did not agree to the appointment of a guardian and Depuy-Shanley recommended in her report that a guardian not be appointed. In February 2004, petitioner moved to withdraw his petition for appointment of a guardian. Brennan initially indicated no objection to the motion, but then submitted an affirmation in opposition asserting, in part, that petitioner had essentially placed respondent in a more difficult position than she had been before being hospitalized. Petitioner was not permitted to withdraw his petition and a hearing commenced in July 2004.

County Court ruled that the medical evidence that petitioner offered at the hearing could not be considered because respondent had not waived her doctor-patient privilege and the court dismissed the petition based upon its determination that petitioner had failed to establish that respondent was incapacitated. However, County Court appointed Brennan a special guardian pursuant to Mental Hygiene Law § 81.16 (b) to, among other things, assist respondent in finding a nursing home closer to her home, assessing her financial condition and determining her eligibility for medical benefits. County Court's decision, the terms of which were set forth in a judgment entered October 15, 2004, additionally directed that petitioner pay the counsel

fees of Depuy-Shanley and Brennan in an amount to be determined by the court. Thereafter, Depuy-Shanley and Brennan submitted statements of services and petitioner submitted his opposing papers. County Court awarded the entire amounts requested by Brennan ($29,074.50) and Depuy-Shanley ($15,137.55). Petitioner appeals from the order and judgment awarding counsel fees.

Mental Hygiene Law article 81 provides that, when a petition is dismissed, the court may, in its discretion, direct the petitioner to pay a reasonable amount for counsel fees to the court evaluator and the alleged incapacitated person's court-appointed attorney (*see* Mental Hygiene Law § 81.09 [f]; § 81.10 [f]). If the petition is granted and the alleged incapacitated person is not indigent, the court may require that person to pay such fees (*see* Mental Hygiene Law § 81.09 [f]; § 81.10 [f]; *see also* Mental Hygiene Law § 81.16 [f]). While deference is accorded to the trial court's award of counsel fees (*see Matter of Ida Q.*, 11 AD3d 785, 786 [2004]), this Court may, in the exercise of its discretion, reduce or increase such fees (*see Matter of Arnold O.*, 279 AD2d 774, 778 [2001] [in complex case, increasing counsel fees from $3,650.10 awarded by the court to $6,700 as originally requested by counsel]; *Matter of Chase*, 264 AD2d 330, 334 [1999] [reducing fees of both court evaluator and court-appointed attorney]).

Petitioner initially argues that, although County Court stated in its decision that respondent was not incapacitated and dismissed the petition, the court nevertheless must have necessarily found respondent incapacitated since it appointed a special guardian pursuant to Mental Hygiene Law § 81.16 (b) and, accordingly, County Court did not have authority to require petitioner to pay any counsel fees. No appeal was taken from the October 2004 judgment and, significantly, when afforded the opportunity to submit arguments to County Court on the issue of counsel fees, petitioner's arguments were directed only at the amount that should be awarded and he neither challenged County Court's authority in directing an award nor asserted that no award should be made against him.* The issue properly before us, therefore, is limited to whether the amount awarded was reasonable.

Petitioner's argument that the amount of counsel fees should be controlled by County Law § 722-b is unpersuasive. Neither

---

* Similarly, the precalendar statement filed by petitioner with this Court states that he is seeking a reduction or sharing of the amount of fees and does not challenge County Court's authority to direct that he pay fees in this proceeding.

the relevant portions of the County Law nor Mental Hygiene Law article 81 requires that the assigned counsel fees set forth in the County Law be grafted into the Mental Hygiene Law. No legal ground has been advanced by petitioner that would require a court to be constrained by the County Law when making an award of counsel fees in a Mental Hygiene Law article 81 proceeding after dismissal of the underlying petition.

Next, we consider whether the amount awarded constituted reasonable compensation under all the relevant circumstances. Review of the record reveals that this should not have been a particularly complex case. Some additional time was required because of petitioner's less than laudable initial handling of his temporary appointment. However, the court evaluator and court-appointed attorney at times unnecessarily engaged in duplicative work (*cf.* Mental Hygiene Law § 81.10 [g]). The petition cannot be characterized as meritless since, ultimately, County Court found some limited assistance necessary. The amounts awarded are high in light of the nature of the case and when compared to similar situations. In the exercise of our discretion, we reduce the court evaluator's fees to $12,110 and the fee of the court-appointed attorney to $23,260.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order entered December 1, 2004 is modified, on the facts, without costs, by reducing the amount awarded from $15,137.55 to $12,110, and, as so modified, affirmed. Ordered that the judgment entered December 6, 2004 is modified, on the facts, without costs, by reducing the amount awarded from $29,074.50 to $23,260, and, as so modified, affirmed.