Carol D. Stevens Informal Opinion County Attorney No. 2006-9 Greene County 411 Main Street Catskill, New York 12414
Dear Ms. Stevens:
You have requested an opinion regarding whether the County may rely upon its Public Defender to act as counsel in certain proceedings. Pursuant to article 81 of the Mental Hygiene Law, a person who is allegedly incapacitated and is thus the subject of a proceeding to appoint a guardian for him or her is entitled to be represented by counsel of his or her choice. Mental Hygiene Law § 81.10(a). A court must appoint counsel for the allegedly incapacitated person under certain circumstances. Id.
§ 81.10(c). The court determines the reasonable compensation for any attorney appointed pursuant to this authority, and the person alleged to be incapacitated is liable for payment of such compensation unless the court finds that the person is indigent.Id. § 81.10(f).
Article 81 is silent with respect to who bears responsibility for paying counsel appointed to represent an allegedly incapacitated person who is determined to be indigent. The Court of Appeals was faced with this issue in Matter of St.Luke's-Roosevelt Hosp. Ctr., 89 N.Y.2d 889, 892 (1996). Before the Court was the question of whether New York City or the State was liable for payment of counsel. After recognizing that an allegedly incapacitated person who was the subject of the article 81 proceeding had a constitutional as well as a statutory right to appointed counsel, the Court of Appeals held that "assignment of counsel here is appropriately funded by the City of New York in accordance with the procedures set forth in County Law article 18-B." 89 N.Y.2d at 892.
County Law article 18-B requires the governing body of each county and New York City to adopt a plan for the representation of indigent persons charged with a crime and indigent persons who are entitled to counsel pursuant to sections 262 or 1120 of the Family Court Act, section 407 of the Surrogate's Court Procedure Act, or article 6-C of the Correction Law. County Law § 722. A county's plan must be one of the following: (1) representation by a public defender appointed pursuant to County Law article 18-A; (2) representation by a private legal aid society; or (3) representation by counsel furnished pursuant to a plan of a bar association for assigning private counsel on a rotating basis (referred to as "18-B panels"). Id. A county may also adopt a combination of these plans. Id.
You have advised that Greene County has adopted a combination plan to fulfill its responsibilities under article 18-B, with a public defender and, in the event the public defender has a conflict of interest in representing a person in a particular instance, representation by assigned private counsel. You have asked whether, in instances where a court has ordered appointment of counsel for an allegedly incapacitated person, the County may rely upon its public defender for this representation.[1]
We recognize that the public defender's statutory duties, contained in County Law § 717, do not include representation of such individuals. However, we are of the opinion that because the public defender is the entity charged with providing representation in Greene County pursuant to article 18-B, it may be tasked with representation of allegedly incapacitated individuals as well.
We base this conclusion on the Court of Appeals' decision inSt. Luke's-Roosevelt. As explained above, the Court concluded that "assignment of counsel here [for allegedly incapacitated persons] is appropriately funded . . . in accordance with the procedures set forth in County Law article 18-B." Although the Court of Appeals relied in part on evidence that article 18-B panels are better able to provide the needed assistance than are counsel assigned pursuant to Judiciary Law § 35,89 N.Y.2d at 892, the Court did not limit its holding regarding assignment and payment of counsel to 18-B panels. Because the "procedures set forth" in article 18-B for funding the representation of indigent persons include representation by a public defender, we interpret the Court's statement in St. Luke's-Roosevelt as authorizing the County to rely upon its public defender to represent allegedly incapacitated indigent persons who are the subject of an article 81 proceeding, where the court determines that counsel should be appointed. This interpretation of St.Luke's-Roosevelt allows a county to structure its program for the representation of indigent allegedly incapacitated persons in the way that will best meet the county's needs, which was one of the reasons for allowing counties the choice of three plans or a combination thereof. See Attorney General's Legislative Program for 1965, No. 39, at 45 ("This latitude would enable the county supervisors . . . to design a program tailored to the needs of each county.").
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] You have advised that if the public defender were to have a conflict of interest in representing a person alleged to be incapacitated, a private attorney would be assigned in accordance with the County's plan.