■ In the Matter of CHARLES X., Alleged to be an Incapacitated Person, Respondent. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [887 NYS2d 731]—

Stein, J. Appeal from a judgment of the Supreme Court

(Teresi, J.), entered December 1, 2008 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to appoint a guardian for the person and property of respondent.

Petitioner commenced the instant proceeding by order to show cause seeking the appointment of a guardian of respondent's person and property pursuant to Mental Hygiene Law article 81. Petitioner also requested the appointment of a court evaluator, as well as an attorney for respondent. Supreme Court (McDonough, J.) signed the order to show cause and appointed a private attorney, Gerald Good, as the court evaluator and Mental Hygiene Legal Service (hereinafter MHLS) as counsel for respondent. Respondent ultimately consented to the appointment of a guardian of his person and property. After conducting a consent hearing, Supreme Court (Teresi, J.) granted the relief sought in the petition and awarded fees to Good and to MHLS, to be paid by petitioner. Petitioner appeals from the judgment with regard to the award of fees to both Good and MHLS.[1]

We agree with petitioner's contention that Supreme Court was without authority to direct it to pay the court evaluator's fees. Mental Hygiene Law § 81.09 (f) provides that, "[w]hen [a] judgment grants a petition, the court may award a reasonable compensation to a court evaluator . . . payable by the estate of the allegedly incapacitated person." The court may direct the petitioner to pay such fees or a portion thereof only when the petition is denied or dismissed (see Mental Hygiene Law § 81.09 [f]). Had the roles of Good and MHLS been reversed, with Good being appointed as assigned counsel for respondent and MHLS as court evaluator, the court could have awarded counsel fees to Good (see Mental Hygiene Law § 81.10 [f]). However, notwithstanding Supreme Court's broad discretion to award reasonable fees in Mental Hygiene Law article 81 proceedings (see Matter of Ida Q., 11 AD3d 785, 786 [2004]), since petitioner was successful, the court was without authority to ascribe responsibility to petitioner for payment of the court evaluator's fees.[2] Accordingly, that portion of the judgment directing petitioner to pay the court evaluator's fees must be reversed.

Petitioner's remaining arguments are rendered academic by this decision.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that

1. MHLS advised this Court, after this appeal was perfected, that it does not intend to seek the fees for its services. Accordingly, MHLS and petitioner have executed a partial discontinuance of appeal.

2. We note that it is the province of the Legislature to rectify this discrepancy.

the judgment is modified, on the law, without costs, by reversing so much thereof as directed petitioner to pay the court evaluator's fees, and, as so modified, affirmed.