Matter of Buttiglieri (Ferrel J.B.) (2018 NY Slip Op 00738)





Matter of Buttiglieri (Ferrel J.B.)


2018 NY Slip Op 00738


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1400 CA 17-00589

[*1]IN THE MATTER OF THE APPLICATION OF MARK BUTTIGLIERI, DESIGNEE OF THE CHIEF EXECUTIVE OFFICER OF UPSTATE UNIVERSITY HOSPITAL OF THE STATE UNIVERSITY OF NEW YORK, PETITIONER-APPELLANT, FOR THE APPOINTMENT OF A GUARDIAN OF THE PERSON AND PROPERTY PURSUANT TO ARTICLE 81 OF THE MENTAL HYGIENE LAW FOR FERREL J.B., AN ALLEGED INCOMPETENT PERSON, RESPONDENT. M. KATHLEEN LYNN, ESQ., RESPONDENT. (APPEAL NO. 2.) 






ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-APPELLANT.
M. KATHLEEN LYNN, FAYETTEVILLE, RESPONDENT PRO SE. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 26, 2016 in a proceeding pursuant to Mental Hygiene Law article 81. The order, insofar as appealed from, directed petitioner to pay M. Kathleen Lynn, Esq. certain attorneys' fees. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the language in the ordering paragraph ", and is to be paid by Petitioner as an administrative expense" is vacated.
Memorandum: In this proceeding in which petitioner sought the appointment of a guardian of the person and property of an alleged incapacitated person (AIP), petitioner appeals from two orders that, respectively, directed petitioner to pay the fees for services submitted by the court-appointed attorney for the AIP and by the court evaluator (collectively, respondents). We agree with petitioner that Supreme Court erred in directing it to pay those fees.
Petitioner contends in appeal No. 2 that the court erred in directing it to pay attorney fees for the court-appointed attorney. We agree. Article 81 of the Mental Hygiene Law provides that the court may appoint an attorney to represent the AIP, and that petitioner may be directed to pay for such services where the petition is dismissed or the AIP dies before the proceeding is concluded (see
§ 81.10 [f]). In all cases, "[t]he court shall determine the reasonable compensation for the mental hygiene legal service or any attorney appointed pursuant to" that statute (id.). Nevertheless, "the statute is silent as to the source of funds for payment of counsel [where, as here,] the AIP is indigent" (Matter of St. Luke's-Roosevelt Hosp. Ctr. [Marie H.-City of New York], 89 NY2d 889, 891 [1996]; see Hirschfeld v Horton, 88 AD3d 401, 403 [2d Dept 2011], lv denied 18 NY3d 804 [2012]). Despite that silence, it is well settled that "the Legislature, by providing for the assignment of counsel for indigents in the Mental Hygiene Law, intended, by necessary implication, to authorize the court to compensate counsel" (St. Luke's-Roosevelt Hosp. Ctr., 89 NY2d at 892), and it is likewise well settled that the court should direct that requests for such compensation should be determined "in accordance with the procedures set forth in County Law article 18-B" (id.; see Matter of Rapoport v G.M., 239 AD2d 422, 422-423 [2d Dept 1997]). Thus, the court erred in directing petitioner to pay those fees.
We also agree with the contention of petitioner in appeal No. 3 that the court erred in directing it to pay the fees requested by the court evaluator. Where, as here, a court appoints a court evaluator pursuant to Mental Hygiene Law § 81.09 (a) and then "grants a petition, the court may award a reasonable compensation to a court evaluator, including the mental hygiene legal service, payable by the estate of the allegedly incapacitated person" (§ 81.09 [f]). The statute further provides that a court may direct petitioner to pay for the services of a court evaluator only where the court "denies or dismisses a petition," or the AIP "dies before the determination is made in the petition" (§ 81.09 [f]). Therefore, "notwithstanding Supreme Court's broad discretion to award reasonable fees in Mental Hygiene Law article 81 proceedings . . . , [inasmuch as] petitioner was successful [and the AIP is alive], the court was without authority to ascribe responsibility to petitioner for payment of the court evaluator's fees" (Matter of Charles X., 66 AD3d 1320, 1321 [3d Dept 2009]).
Contrary to petitioner's contentions, although the court had discretion to appoint Mental Hygiene Legal Services as attorney for the AIP and to dispense with a court evaluator (see Mental Hygiene Law § 81.10 [g]), under the circumstances presented here "the court did not abuse its discretion as a matter of law in failing to do so" (St. Luke's-Roosevelt Hosp. Ctr., 89 NY2d at 892 n). Nevertheless, inasmuch as the court properly made the "determination that [the AIP] is incapacitated within the meaning of Mental Hygiene Law article 81, and [in] the absence of evidence that the petitioner commenced this proceeding in bad faith, it was an improvident exercise of discretion for . . . Supreme Court to direct the petitioner to pay the fees of the court-appointed evaluator and the attorney it appointed to represent [the AIP] in the proceeding" (Matter of Loftman [Mae R.], 123 AD3d 1034, 1036-1037 [2d Dept 2014]; cf. Matter of Samuel S. [Helene S.], 96 AD3d 954, 958 [2d Dept 2012], lv dismissed 19 NY3d 1065 [2012]). We therefore reverse, insofar as appealed from, the orders in appeal Nos. 2 and 3, and we vacate the language in each order directing petitioner to pay the respective fees for services
rendered.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court