Matter of Marie P. L. A. (Pavilion) (2023 NY Slip Op 01792)

Matter of Marie P. L. A. (Pavilion)

2023 NY Slip Op 01792

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-00501
2020-00502
 (Index No. 6113/19)

[*1]In the Matter of Marie P. L. A. (Anonymous). Schervier Pavilion, petitioner-appellant; William E. Duquette, etc., et al., nonparty-respondents.

Sholes & Miller, PLLC, Fishkill, NY (Ellen A. Fischer of counsel), for petitioner-appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Ferol R. McDermott of counsel), for nonparty-respondents.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Marie P. L. A., an alleged incapacitated person, the petitioner appeals from (1) an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated December 23, 2019, and (2) an order and judgment (one paper) of the same court dated December 23, 2019. The order, insofar as appealed from, upon granting the court evaluator's application for an award of $2,132.64 as reasonable compensation for services rendered, directed the petitioner to pay the court evaluator that amount. The order and judgment, insofar as appealed from, upon the order, granted the application of the Department of Social Services of Orange County to direct the petitioner to pay certain legal fees and directed the petitioner to pay any and all legal fees relating to Marie P. L. A.'s eligibility as a non-citizen Permanently Residing Under Color of Law, including the retention of counsel, as well as all costs related to the repatriation of Marie P. L. A. to her native country, and, in effect, upon awarding the court evaluator $2,132.64 as reasonable compensation for services rendered, directed the petitioner to pay the court evaluator that amount.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, the application of the Department of Social Services of Orange County to direct the petitioner to pay certain legal fees is denied, and the provision of the order directing the petitioner to pay the court evaluator the amount of reasonable compensation awarded for services rendered is vacated; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed, as any possibility of taking a direct appeal therefrom terminated with the entry of the order and judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
The petitioner, a nursing facility, commenced this proceeding pursuant to Mental Hygiene Law article 81, alleging that then-patient Marie P. L. A. was an incapacitated person and that a guardian was needed to provide for her personal needs and property management. The Supreme Court appointed a court evaluator pursuant to Mental Hygiene Law § 81.09 to investigate the allegations in the petition. At a hearing on the petition, it was established that Marie P. L. A. was not a United States citizen, and it was discussed that a guardian could make an application to qualify Marie P. L. A. as a non-citizen Permanently Residing Under Color of Law (hereinafter PRUCOL), which would enable her to qualify for certain public health benefits. The Department of Social Services of Orange County (hereinafter the DSS) conceded that Marie P. L. A. required a guardian, but asked the court to direct the petitioner to pay the legal fees associated with a PRUCOL application, including the retention of counsel. In an order dated December 23, 2019, the court granted the court evaluator's application for an award of $2,132.64, as reasonable compensation for services rendered, and directed the petitioner to pay the court evaluator that amount. In an order and judgment dated December 23, 2019, the court granted the petition, appointed the Commissioner of the DSS as the special temporary guardian of the person and property of Marie P. L. A., and, inter alia, directed the petitioner to pay any and all legal fees relating to Marie P. L. A.'s PRUCOL eligibility, including the retention of counsel, as well as all costs related to her repatriation to her native country and, in effect, upon awarding the court evaluator $2,132.64 as reasonable compensation for services rendered, directed the petitioner to pay the court evaluator that amount. The petitioner appeals.
Where, as here, the court has appointed a court evaluator pursuant to Mental Hygiene Law § 81.09, and the petition is granted, the court may award reasonable compensation to the court evaluator "payable by the estate of the allegedly incapacitated person" (Mental Hygiene Law § 81.09[f]). By contrast, the court may direct the petitioner to compensate a court evaluator "only when the petition is denied or dismissed, or the alleged incapacitated person dies before a determination is made in the proceeding" (Matter of Alexander B.P. [Hafner], 165 AD3d 801, 802; see Mental Hygiene Law § 81.09[f]; Matter of Charles X., 66 AD3d 1320, 1321). Here, inasmuch as the petition was granted, the Supreme Court lacked the authority to direct the petitioner to pay the court evaluator's fees (see Matter of Buttiglieri [Ferrel J.B.], 158 AD3d 1166, 1167; Matter of Charles X., 66 AD3d at 1321). Accordingly, the court erred in directing the petitioner to pay the court evaluator's fees.
Similarly, where the court has appointed an attorney to represent the alleged incapacitated person pursuant to Mental Hygiene Law § 81.10, the statute directs the court to determine reasonable compensation for the legal services, and authorizes the court to direct that the petitioner pay such compensation when the petition is dismissed or when the person alleged to be incapacitated dies before the determination is made in the proceeding (see Mental Hygiene Law § 81.10[f]; Matter of Alexander B.P. [Hafner], 165 AD3d at 802). Here, since the petition was granted, the Supreme Court erred in directing the petitioner to pay any of Marie P. L. A.'s legal fees (see Matter of Buttiglieri [Ferrel J.B.], 158 AD3d at 1167; Matter of Loftman [Mae R.], 123 AD3d 1034, 1037; see also Matter of St. Luke's-Roosevelt Hosp. Ctr. [Marie H.-City of New York], 89 NY2d 889, 892). Furthermore, the court exceeded its statutory authority in broadly directing the petitioner to pay all costs and legal expenses relating to Marie P. L. A.'s PRUCOL eligibility, as well as all costs relating to her repatriation to her native country (see generally Matter of Petty, 256 AD2d 281, 283-284; Matter of Lyles, 250 AD2d 488, 489-490). Contrary to the DSS's contention, the petitioner did not, in effect, enter into a stipulation whereby it agreed to pay these fees (see generally CPLR 2104), as throughout the proceeding, the petitioner consistently maintained, in open court and in writing, that it did not agree to an order directing it to pay these fees.
The DSS's remaining contention is not properly before this Court.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court