Matter of Leonardo V. (2025 NY Slip Op 01995)

Matter of Leonardo V.

2025 NY Slip Op 01995

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-24-1229
[*1]In the Matter of Leonardo V., Alleged to be an Incapacitated Person. Healthalliance Hospital, Appellant; Leonardo V., Respondent.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Sholes Miller Rodriguez & Brown, PLLC, Fishkill (Leilani J. Rodriguez of counsel), for appellant.

Powers, J.
Appeals from a judgment and an order of the Supreme Court (Keri Savona, J.), entered June 21, 2024 in Ulster County, which, in a proceeding pursuant to Mental Hygiene Law article 81, among other things, directed petitioner to pay the fees of the court evaluator.
Petitioner commenced the present proceeding seeking the appointment of a guardian of respondent pursuant to Mental Hygiene Law article 81 alleging that respondent was an incapacitated person. A court evaluator was appointed, performed an evaluation of respondent and authored a report finding that respondent would benefit from a temporary guardian to assist in obtaining certain benefits. Thereafter, a hearing was held, at which the parties came to an agreement whereby respondent consented to the appointment of a temporary guardian until these certain benefits were conferred. The parties consented to this agreement, and a judgment was entered by Supreme Court to this effect. Despite petitioner's objection, this judgment also ordered that petitioner must pay the fees of the court evaluator. Consequently, the court entered a separate order directing petitioner to pay $2,450 to the court evaluator. Petitioner appeals both the judgment and the order, limiting its arguments to the issue of the payment of the court evaluator.
When a petition for the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law is granted, "the court may award a reasonable compensation to a court evaluator . . . payable by the estate of the allegedly incapacitated person" (Mental Hygiene Law § 81.09 [f]). Conversely, when the petition is denied or dismissed, "the court may award a reasonable allowance to a court evaluator . . . payable by the petitioner or by the person alleged to be incapacitated, or both in such proportions as the court may deem just" (Mental Hygiene Law § 81.09 [f]). As a result, "[t]he court may direct the petitioner to pay such fees or a portion thereof only when the petition is denied or dismissed" (Matter of Charles X., 66 AD3d 1320, 1321 [3d Dept 2009] [emphasis added]; see Matter of Alexander B.P. [Hafner], 165 AD3d 801, 802 [2d Dept 2018]; Matter of Buttiglieri [Ferrel J.B.], 158 AD3d 1166, 1167 [4th Dept 2018]).
The petition underlying this proceeding was granted upon respondent's consent to the appointment of a temporary guardian for the limited purpose outlined above. Petitioner could have stipulated to the payment of the court evaluator's fees, as Supreme Court initially attempted to achieve here, but did not do so (compare Matter of Alexander B.P. [Hafner], 165 AD3d at 802). Therefore, the court was without authority to direct petitioner to pay the court evaluator's fees after petitioner declined to do so out of its own benevolence (see Matter of Marie P.L.A., 215 AD3d 671, 673 [2d Dept 2023]; Matter of Buttiglieri [Ferrel J.B.], 158 AD3d at 1167-1168; Matter of Loftman [Mae R.], 123 AD3d 1034, 1037 [2d Dept 2014]).[FN1] Accordingly, that aspect of the judgment directing [*2]petitioner to pay the court evaluator's fees must be reversed and, likewise, the order directing petitioner to pay $2,450 to the court evaluator must be as well.
Egan Jr., J.P., Clark, Lynch and Mackey, JJ., concur.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed petitioner to pay the court evaluator's fees, and, as so modified, affirmed.
Ordered that the order is reversed, on the law, without costs.

Footnotes

Footnote 1: We note the fact that respondent is indigent. Although Mental Hygiene Law § 81.10 (f) relieves indigent individuals of a responsibility to pay, Mental Hygiene Law § 81.09 (f) does not do so, and it is for the Legislature to rectify this apparent inconsistency (see Matter of Charles X., 66 AD3d at 1321 n 2).