■ In the Matter of ENID B. CLIFFORD M. et al., Respondents. HARVEY L. GREENBERG, Nonparty Appellant. [777 NYS2d 178]—

In a proceeding pursuant to Mental Hygiene Law article 81, in which guardians were appointed for the person and property of Enid B., Harvey L. Greenberg, attorney for Enid B., appeals from so much of an order of the Supreme Court, Kings County (Hall, J.), dated July 21, 2003, as granted the guardians' motion for authorization to pay him an attorney's fee in the sum of only $1,986.25, inclusive of all disbursements.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.

The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see Matter of Mavis L.*, 285 AD2d 509 [2001]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman*, 34 NY2d 1 [1974]).

Here, the order awarding an attorney's fee contained no explanation for the amount of the award and made no reference to any of the aforementioned factors. Therefore, it appears that the factors were not considered. Accordingly, remittitur to the Supreme Court, Kings County, for a new determination is warranted. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.