■ In the Matter of GRACE NEBRICH, an Alleged Incapacitated Person, Appellant. PAMELA M. KRAWCZYK, as Commissioner of Erie County Department of Senior Services, Respondent; AUDREY SITARSKI, Appellant. [804 NYS2d 224]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered October 29, 2004 in a proceeding pursuant to Mental Hygiene Law article 81. The order, inter alia, appointed petitioner as the guardian over the person and property of the alleged incapacitated person herein and awarded compensation to counsel for the alleged incapacitated person and to the court evaluator.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of compensation awarded to counsel for the alleged incapacitated person and to the court evaluator and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In a proceeding pursuant to Mental Hygiene Law article 81, Supreme Court properly appointed petitioner as the guardian over the person and property of the alleged incapacitated person (AIP) herein. Petitioner established by clear and convincing evidence that the AIP is incapacitated within the meaning of Mental Hygiene Law § 81.02. Moreover, petitioner established that the proposed appointment of respondent was not in the best interests of the AIP because respondent has financial interests that are in conflict with the AIP (*see Matter of Kustka*, 163 Misc 2d 694, 700 [1994]). The court evaluator followed the guidelines set forth in the Mental Hygiene Law and was properly qualified to do so (Mental Hygiene Law § 81.09 [b] [1]; [c]). As guardian of the AIP, petitioner has the power and authority to "choose the place of abode" of the AIP (§ 81.22 [a] [9]) consistent with the guardian's obligations under Mental Hygiene Law § 81.20 (a) (7).

The court erred, however, in awarding compensation to counsel for the AIP without providing "a clear and concise explanation for its award in a written decision with reference to

the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved" (*Matter of Enid B.*, 7 AD3d 704, 705 [2004]; *see Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]). For the same reasons, the court erred in awarding compensation to the court evaluator (*see* Bailly, Practice Commentaries, McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.09, at 308). Thus, we modify the order accordingly, and we remit the matter to Supreme Court to determine the reasonable compensation for counsel for the AIP and for the court evaluator following a hearing, if necessary. Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.