■ In the Matter of AUDREY J.S. ROBERT W.S., JR., Respondent. ROBERT J. KURRE & ASSOCIATES, P.C., Nonparty Appellant; WALLACE L. LEINHEARDT, Nonparty Respondent. [825 NYS2d 520]—

In a proceeding pursuant to Mental Hygiene Law article 81, nonparty Robert J. Kurre & Associates, P.C., appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated August 22, 2005, as granted its request for an award of an attorney's fee only to the extent of awarding it the sum of $7,500, inclusive of all disbursements.

Ordered that the matter is remitted to the Supreme Court, Queens County, to set forth the factors considered and the reasons for its determination with respect to the appellant's request for an award of an attorney's fee, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

"The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (*Matter of Mavis L.*, 285 AD2d 509, 510 [2001]; *see Matter of Tijuana M.*, 303 AD2d 681, 682 [2003]). "However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved" (*Matter of Mavis L., supra* at 510).

Here, the order and judgment granting the appellant's request for an award of an attorney's fee only to the extent of awarding it the sum of $7,500, inclusive of all disbursements, did not contain an explanation for the amount of the award, and made no reference to any of the above factors. Accordingly, we remit the matter to the Supreme Court, Queens County, for the purpose of setting forth the factors considered and the reasons for its award (*see Matter of Martha O.J.*, 22 AD3d 756, 757 [2005]; *Matter of Catherine K.*, 13 AD3d 534, 535 [2004]; *Matter of Enid B.*, 7 AD3d 704, 705 [2004]). Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.