■ In the Matter of Rosanna E. Heckl et al., Respondents, for the Appointment of a Personal Needs and Property Management Guardian of Aida C., an Alleged Incapacitated Person, Appellant. [891 NYS2d 214]—

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered December 1, 2008 in a proceeding pursuant to Mental Hygiene Law article 81. The order awarded petitioners attorneys' fees.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the amount of attorneys' fees awarded and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: On a recent appeal, we modified an order and judgment entered in this proceeding commenced by the children of the alleged incapacitated person (IP) (*Matter of Aida C.*, 66 AD3d 1344 [2009]). Petitioners also have moved pursuant to Mental Hygiene Law § 81.16 (f) for "reasonable compensation" for their attorneys, seeking both attorneys' fees and disbursements. We note at the outset that Supreme Court awarded only the precise amount of attorneys' fees sought, despite the fact that the order specifies that the IP must "pay the fees and disbursements" of petitioners' attorneys. Petitioners did not cross-appeal from the order with respect to the court's failure to award the amount of disbursements sought, and the IP on appeal addresses only the issue of attorneys' fees. We thus also address only the issue of attorneys' fees.

In an affirmation submitted in support of the motion, one of petitioners' attorneys stated that he had attached to the court's copy of the motion a summary of the fees sought from petitioners and a breakdown of all time entries, as billed to petitioners. The attorney did not provide that information to the attorney for the IP despite his request for such information, however,

because the aforementioned appeal from the order and judgment was pending before this Court. The court nevertheless awarded petitioners the amount of attorneys' fees sought, based upon their submissions to the court. That was error. Although the court may properly award attorneys' fees based upon the submissions of the parties where there is no factual dispute regarding the number of hours and the hourly rates charged (*see Podhorecki v Lauer's Furniture Stores*, 201 AD2d 947 [1994]), here the IP's attorney was unable to review the submissions in order to determine whether the fee requested should in fact be disputed. We conclude in any event that the court erred in awarding attorneys' fees "without providing 'a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the [IP] as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved' " (*Matter of Nebrich*, 23 AD3d 1018, 1018-1019 [2005]; *see Matter of Lillian A.*, 56 AD3d 767, 768-769 [2008]; *Matter of Enid B.*, 7 AD3d 704, 705 [2004]). Thus, we modify the order accordingly, and we remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees following a hearing, if necessary. Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.