■ In the Matter of THEODORE T., Respondent; CHARLES T., Appellant. RENE MYATT et al., Nonparty Respondents. [912 NYS2d 72]—

In a proceeding pursuant to article 81 of the Mental Hygiene Law for the temporary appointment of a guardian for the personal needs and property management of Theodore T., an alleged incapacitated person, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), entered July 15, 2008, which granted Theodore T.'s motion to dismiss the petition for lack of personal jurisdiction, dismissed the petition, and awarded compensation in the sums of $6,755 to the court-appointed evaluator and $13,417.25 to the court-appointed counsel, to be paid by the petitioner.

Ordered that the order and judgment is modified, on the law and in the exercise of discretion, by deleting the provisions thereof awarding compensation in the sums of $6,755 to the court-appointed evaluator and $13,417.25 to the court-appointed counsel, to be paid by the petitioner; as so modified, the order and judgment is affirmed, with costs payable by the petitioner, and the matter is remitted to the Supreme Court, Kings County, for a new determination as to the amounts of those awards, setting forth the reasons therefor and the factors considered.

On April 2, 2008, the petitioner, Charles T., filed a petition for the temporary appointment of a guardian for the personal needs and property management of his brother, Theodore T., an alleged incapacitated person, pursuant to article 81 of the Mental Hygiene Law. In the accompanying order to show cause, the Supreme Court directed that the order, notice of petition, and verified petition be served on Theodore T. by personal service, or by leaving them with someone at his residence and mailing the order. The papers were delivered to Theodore T. by FedEx Express on April 7, 2008.

Theodore T. moved to dismiss the petition on the ground that the Supreme Court lacked personal jurisdiction over him, arguing that Charles T. failed to comply with the terms for proper service of process described in the order to show cause. The Supreme Court granted Theodore T.'s motion, and dismissed the petition for lack of personal jurisdiction. The Supreme Court also awarded compensation in the sums of $6,755 to the court-appointed evaluator and $13,417.25 to the court-appointed counsel for Theodore T., to be paid by Charles T. The Supreme Court did not include an explanation for these awards. Charles T. appeals.

The petitioner bears the ultimate burden of establishing that the court has personal jurisdiction over the respondent (*see Frankel v Schilling*, 149 AD2d 657, 659 [1989]). "The method

of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]). Here, the mode of service utilized by the petitioner—overnight delivery by FedEx Express—was not in strict compliance with the order to show cause, and the Supreme Court properly determined that it was without jurisdiction to entertain the proceeding (*see Matter of Stern v Garfinkle*, 22 AD3d 694 [2005]; *Matter of New York Cent. Mut. Fire Ins. Co. v Czumaj*, 9 AD3d 833, 834 [2004]).

The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see Ricciuti v Lombardi*, 256 AD2d 892 [1998]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman*, 34 NY2d 1 [1974]; *Ricciuti v Lombardi*, 256 AD2d at 893; *Matter of Stark*, 174 AD2d 746 [1991]).

Here, the Supreme Court failed to explain the factors it considered and its reasoning for the fees awarded to the court-appointed counsel for Theodore T. The Supreme Court committed the same error in awarding compensation to the court-appointed evaluator (*see Matter of Nebrich*, 23 AD3d 1018 [2005]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination as to the amounts of those awards, setting forth the reasons therefor and the factors considered (*see Matter of Audrey J.S.*, 34 AD3d 820, 820-821 [2006]; *Matter of Nebrich*, 23 AD3d at 1019 *Matter of Martha O.J.*, 22 AD3d 756, 757 [2005]). Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.

Motion by Theodore T. to dismiss an appeal from an order and judgment (one paper) of the Supreme Court, Kings County, entered July 15, 2008, or to strike stated portions of the appellant's brief, and to direct the appellant to serve and file a supplemental record. By decision and order on motion of this Court dated November 17, 2009, that branch of the motion which was to strike the portion of the appellant's brief beginning on page 40 with the words "Notice of Settlement was not served" and ending on page 42 with the words "notwithstand-

ing that the notice to Charles was deficient on its face (R77.1)" was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike the above-referenced portion of the appellant's brief is granted, and that portion of the appellant's brief is stricken and has not been considered in the determination of the appeal. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.