■ In the Matter of MARION C.W., a Person Alleged to be Incapacitated. LISA K. et al., Respondents; FERN FINKEL et al., Nonparty Appellants. [922 NYS2d 173]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of coguardians for the personal needs and property management of Marion C.W., Fern Finkel, the nonparty court-appointed counsel for the alleged incapacitated person appeals, as limited by her brief, and the nonparty JPMorgan Chase

Bank, N.A., separately appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 26, 2009, as, upon renewal, granted the petitioners' motion for an award of counsel fees and expenses in the sum of $63,571.80.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.

The alleged incapacitated person (hereinafter the AIP) who was the subject of this guardianship proceeding died after a hearing had been held and a decision had been issued determining that the appointment of an independent guardian of her property was necessary and appropriate, but before a judgment to that effect was entered. The appellants contend that after the AIP's death, the Supreme Court was no longer authorized to award counsel fees to attorneys who were not court appointed, relying upon this Court's decision in *Matter of Enna D.* (30 AD3d 518 [2006]). This case is distinguishable from *Enna D.*, however, since this matter had actually been determined when the AIP died, and only the ministerial act of entering judgment had not yet occurred. Accordingly, the Supreme Court had the authority to award counsel fees to the petitioners (*see* Mental Hygiene Law § 81.16 [f]).

A court deciding an application for counsel fees must consider "the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman*, 34 NY2d 1, 9 [1974]).

In this case, the only relevant factors cited by the Supreme Court for an award of counsel fees, were that the rates of compensation sought were reasonable, and that the "petitioners prevailed in this proceeding to the extent the court determined the appointment of a property guardian was necessary to protect the AIP's financial interest." The Supreme Court did not articulate whether the time and labor devoted to this matter by the petitioners' attorney were reasonable under the circumstances, and whether any genuine benefit was conferred upon the AIP as a result of the petitioners' efforts. Moreover, while the Supreme Court referenced the petitioners' success in having the petition granted, it seemingly failed to take into consideration

the express findings in its decision that "[m]ost of the [petitioners'] claims were supported only by conjecture and sheer speculation," and that none of the petitioners were suitable guardians for the AIP.

Under the circumstances, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Kings County, for a new determination of the petitioners' motion.

The petitioners' remaining contentions are without merit. Dillon, J.P., Hall, Roman and Miller, JJ., concur.