In the Matter of JACK S., as Temporary Administrator of the Estate of ANTOINE S., Respondent. ROGER S, Appellant-Respondent; JACK S., Respondent-Appellant, et al., Respondents. [931 NYS2d 880]—

In 2005, the petitioner, Roger S., commenced this proceeding to appoint a guardian for the person and property of his father, Antoine S. In an interlocutory judgment dated June 19, 2008, the Supreme Court found Antoine S. to be incapacitated, and it appointed a special guardian for his property. The court also removed certain proceedings related to Antoine S.'s real property that were pending in other courts and consolidated them with this proceeding. In 2009, the special guardian reported that Antoine S. had, at an earlier time, adequately planned for his personal and property needs by means of advance directives, and that, while he now "could be influenced," he had not been "unduly influenced." At oral argument, the court stated that it adhered to its determination in the interlocutory judgment dated June 19, 2008, that Antoine S. was incapacitated at that time, but it nevertheless dismissed the petition in the judgment appealed from, which provided for the payment of fees from Antoine S.'s assets. The petitioner appeals and Jack S., as Antoine S.'s attorney-in-fact, cross-appeals from certain portions of the judgment.

Antoine S. died in January 2010, after the petitioner perfected his appeal but before Jack S., as Antoine's attorney-in-fact, perfected the cross appeal. By order of this Court dated December 2, 2010, Jack S., as temporary administrator of the estate of Antoine S., was substituted for Antoine S.

Antoine S.'s death renders academic the issues raised by Roger S., and his appeal, therefore, must be dismissed (see Matter of Carl KK., 42 AD3d 704 [2007]; Matter of Ida S., 1 AD3d 440, 441 [2003]; Matter of Klasson, 290 AD2d 223 [2002]).

The issues raised on the cross appeal are not academic (see Mental Hygiene Law § 81.09 [f]; Matter of Audrey J.S., 34 AD3d 820, 821 [2006]; Matter of Enid B., 7 AD3d 704, 705 [2004]; Matter of Tijuana M., 303 AD2d 681, 682 [2003]; Matter of Specht, 265 AD2d 919 [1999]; cf. Matter of Marion C.W. [Lisa K.—Maguire], 83 AD3d 1089, 1090 [2011]; Matter of Annette B., 56 AD3d 551, 552 [2008]; Ricciuti v Lombardi, 256 AD2d 892 [1998]). Nonetheless, the cross appeal also must be dismissed because Jack S. has not provided an appendix adequate to enable this Court to render an informed decision on the merits (see Miller v Cruise Fantasies, Ltd., 74 AD3d 921, 922 [2010];

*Cohen v 1651 Carroll Realty Corp.*, 23 AD3d 603 [2005]; *Patel v Patel*, 270 AD2d 241, 242 [2000]). Rivera, J.P., Balkin, Lott and Austin, JJ., concur.

---

Motion by Jack S., inter alia, to dismiss an appeal from a judgment of the Supreme Court, Kings County, entered July 22, 2009, on the ground that it has been rendered academic. By decision and order on motion of this Court dated May 21, 2010, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied as academic in light of our determination of the appeal. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.

---

Motion by Jack S. to strike stated portions of Roger S.'s reply brief on an appeal and cross appeal from a judgment of the Supreme Court, Kings County, entered July 22, 2009, on the ground, inter alia, that it refers to matter dehors the record. By decision and order on motion of this Court dated April 14, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal and cross appeal, it is

Ordered that the motion is denied as academic in light of our determination of the appeal and cross appeal. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.