██ In the Matter of ALICE D. MATTHEW M. LUPOLI, as Guardian of the Person and Property of ALICE D., Respondent. EDWARD G. BAILEY et al., Nonparty Appellants; PETER M. REDMOND et al., Nonparty Respondents. [979 NYS2d 77]—

610

Matthew M. Lupoli was appointed guardian of the person and property of Alice D. (hereinafter Alice) and of the property of Keishma S. (hereinafter Keishma). In this capacity, Lupoli sold, at separate public auctions, a parcel of real property situated in Jamaica, Queens, and owned by Keishma and a parcel of real property situated in Woodhaven, Queens, and owned by Alice. In both instances, Lupoli was represented by attorney Peter M.

Redmond, of Peter M. Redmond, P.C., while the appraiser appointed by the court was George Brucker, and the copurchasers were entities known as Universal Development, LLC (hereinafter Universal), and Plaza Homes, LLC (hereinafter Plaza).

After learning that Universal and Plaza sold the properties for a substantial profit shortly after purchasing them, Alice Collins, the daughter of Alice, and Editha Hills, the guardian appointed over the person of Keishma, hired Edward G. Bailey of Bailey & Sherman, P.C., to investigate the sale of the properties, asserting that Lupoli ignored legitimate purchase offers and instead sold the properties at below market value to preselected bidders. Collins and Hills, represented by Bailey, commenced an action in the United States District Court for the Eastern District of New York (hereinafter the District Court) against, among others, Lupoli, Redmond, Brucker, Universal, and Plaza, asserting violations of the Racketeer Influenced and Corrupt Organizations (hereinafter RICO) Act (18 USC § 1961 *et seq.*) and various state law claims including, inter alia, breach of fiduciary duty, conspiracy, and fraud. The named defendants moved for summary judgment dismissing the complaint. The District Court granted the motion and dismissed the claims alleging violations of the RICO Act. In doing so, the District Court declined to exercise supplemental jurisdiction over the state law claims. On appeal, the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) affirmed the judgment of the District Court.

Thereafter, Collins and Hills, again represented by Bailey, commenced an action in the Supreme Court, Queens County, under index No. 6066/10 against, among others, Lupoli, Redmond, Brucker, Universal, and Plaza. Again, they sought to recover damages for, inter alia, breach of fiduciary duty, conspiracy, and fraud. In two separate motions, the named defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In two separate orders, both dated December 28, 2011, the Supreme Court, Queens County (McDonald, J.), granted the motions and directed the dismissal of the complaint. Collins and Hills, again represented by Bailey, filed notices of appeal with this Court.

Meanwhile, as these separate federal and state actions were being litigated, and with the appeals to this Court pending, Lupoli moved, in the instant guardianship proceeding pertaining to Alice, to settle his final account. In doing so, he requested, among other things, compensation for services he rendered as Alice's guardian, and compensation for the legal services provided by Redmond and by Patrick F. Broderick, who repre-

sented him, as Alice's guardian, in the federal action and in the state action filed under index No. 6066/10. Lupoli also cross-moved for an award of costs and sanctions, pursuant to 22 NYCRR 130-1.1, against Bailey, Bailey & Sherman, P.C., and Collins, asserting that their pursuit of frivolous claims in federal and state court warranted the imposition of costs and sanctions.

The Supreme Court, among other things, awarded Lupoli, Redmond, and Broderick compensation for their services, to be paid from the funds of the guardianship estate. The Supreme Court also, in effect, granted Lupoli's cross motion for an award of costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1, to the extent of directing Bailey, Bailey & Sherman, P.C., and Collins to pay, jointly and severally, $50,000 to Redmond as a sanction for frivolous conduct, and $13,125, plus disbursements, to Broderick as a sanction for frivolous conduct, with the sum due to Broderick ultimately to be paid to the guardianship estate as reimbursement for the compensation awarded to Broderick from the funds of the guardianship estate. The Supreme Court further imposed an additional sanction against Collins in the amount of $2,500 and an additional sanction against Bailey in the amount of $7,500. In imposing costs and sanctions pursuant to 22 NYCRR 130-1.1, the Supreme Court cited the action commenced in District Court, the unsuccessful appeal to the Second Circuit, the separate action commenced in Supreme Court under index No. 6066/10, and the pending appeals to this Court in the separate state court action, as constituting the conduct it deemed to be frivolous.

As the appellants correctly argue, the Supreme Court erred by, in effect, partially granting Lupoli's cross motion for an award of costs and the imposition of sanctions. 22 NYCRR 130-1.1 (a) authorizes an award of costs or the imposition of sanctions in favor of "any party or attorney" in any civil proceeding "before the court" (22 NYCRR 130-1.1 [a]). The regulation contemplates an award of costs or the imposition of sanctions for frivolous conduct within the context of the proceeding in which the frivolous conduct is alleged to have occurred (see 22 NYCRR 130-1.1 [c]; *Rose Val. Joint Venture v Apollo Plaza Assoc.*, 191 AD2d 874 [1993]; *see also Matter of Alice D. [Lupoli]*, 102 AD3d 685 [2013]). In this case, all of the alleged frivolous conduct cited by Lupoli and relied upon by the Supreme Court in partially granting the cross motion occurred either in the action commenced in the District Court or in the separate state court action filed under index No. 6066/10. As those actions were not before the guardianship court within the meaning of 22 NYCRR 130-1.1 (a), the Supreme Court should

have denied the cross motion in its entirety (*see Matter of Alice D. [Lupoli]*, 102 AD3d 685 [2013]; *see also Matter of O'Grady v McBarnette*, 201 AD2d 758 [1994]; *Rose Val. Joint Venture v Apollo Plaza Assoc.*, 191 AD2d 874 [1993]).

Moreover, under the circumstances presented here, the Supreme Court erred in awarding, at this juncture and without a hearing, compensation to Lupoli for services rendered as Alice's guardian. A court is authorized to award "reasonable compensation" to a guardian (Mental Hygiene Law § 81.28 [a]). However, "[i]f the court finds that the guardian has failed to discharge his or her duties satisfactorily in any respect, the court may deny or reduce the compensation which would otherwise be allowed" (Mental Hygiene Law § 81.28 [b]; *see Matter of Albert K. [D'Angelo]*, 96 AD3d 750, 753 [2012]; *Matter of Eggleston [Jennifer D.]*, 88 AD3d 706 [2011]). Here, in opposition to Lupoli's request for compensation, evidence was submitted demonstrating an issue of fact as to the propriety of his actions on behalf of Alice. Accordingly, the Supreme Court should have conducted a hearing to determine what, if any, fees were due to Lupoli (*see Matter of Eggleston [Jennifer D.]*, 88 AD3d at 707). Notably, although the state court action, alleging, inter alia, breach of fiduciary duty and conspiracy against Lupoli, was dismissed by the Supreme Court, this Court reinstated those claims, concluding that there was a question of fact as to Lupoli's liability (*see Smallwood v Lupoli*, 107 AD3d 782 [2013]). As the pending claims in the state action against Lupoli regarding his actions on behalf of the incapacitated person have a direct bearing on the issue of whether Lupoli failed to discharge his duties "satisfactorily in any respect" (Mental Hygiene Law § 81.28 [b]), a hearing to determine what, if any, compensation is due to Lupoli should not be held until such claims are resolved.

The matter of the compensation awarded to Redmond and Broderick for legal services performed on behalf of the guardian must also be remitted to the Supreme Court, Queens County. Generally speaking, the Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see* Mental Hygiene Law § 81.10 [f]; *Matter of Theodore T. [Charles T.]*, 78 AD3d 955, 957 [2010]; *Matter of Audrey J.S.*, 34 AD3d 820, 821 [2006]; *Matter of Catherine K.*, 22 AD3d 850, 851 [2005]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the at-

torney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman*, 34 NY2d 1 [1974]; *Matter of Theodore T.*, 78 AD3d at 957; *Matter of Audrey J.S.*, 34 AD3d 820, 821 [2006]). Here, the Supreme Court failed to explain the factors it considered and its reasoning for the compensation awarded to both Redmond and Broderick.

Further, it appears that some of the services performed by Redmond, for which the guardian seeks an award of an attorney's fee, may have been of the type customarily performed by a guardian (*see Matter of Helen C. [Patricia F.]*, 2 AD3d 729 [2003]; *Matter of Arnold O.*, 256 AD2d 764, 765 [1998]), and it is unclear from this record whether the legal fees awarded for Redmond's services were duplicative of compensation awarded to Lupoli, who is also an attorney (*see Matter of Arnold O.*, 256 AD2d at 765). These matters should have been explored at a hearing, with respect to both the attorney's fee awarded for Redmond's services and Lupoli's compensation.

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the appropriate awards of fees, if any, for the legal services provided by Redmond and Broderick, setting forth the reasons therefor and the factors considered (*see Matter of Theodore T.*, 78 AD3d at 957; *Matter of Audrey J.S.*, 34 AD3d at 821). In this regard, it is noted that Redmond and Broderick both rendered services on behalf of Lupoli in his capacity as guardian. Since any new determination as to the award of fees warranted in connection with Redmond's and Broderick's legal services must clearly and concisely set forth the "benefit flowing to the ward" as a result of the services they performed (*see Matter of Theodore T.*, 78 AD3d at 957), the Supreme Court should not issue such a new determination until the pending claims against Lupoli in the state action are resolved.

The appellants further argue that the Supreme Court erred in canceling a bond issued on behalf of Lupoli, as guardian, by the Hartford Insurance Company (hereinafter Hartford). However, the Supreme Court conditioned cancellation of the bond upon the guardian complying with all of the provisions of its order and judgment. In light of this Court's determination to remit the matter for further proceedings relating to certain provisions of the order, the condition has not yet been fulfilled, and Hartford's bond has not been canceled pursuant to the terms of

the order. To the extent that Hartford argues for unconditional, immediate discharge of its bond, we do not reach those contentions, since Hartford has not appealed from the order and judgment dated February 4, 2013 (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 60-61 [1983]; *Adelman v Attonito*, 304 AD2d 507, 508 [2003]). Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.