In the Matter of BRIAN P. LOFTMAN, Appellant. MAE R., Respondent. [999 NYS2d 166]—

In a proceeding, inter alia, pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Mae R., an alleged incapacitated person, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Nahman, J.), entered June 13, 2013, which, after a hearing, dismissed the petition, and without a hearing, fixed the fees to be paid to the court evaluator and the court-appointed attorney who represented Mae R., and directed the petitioner to personally pay those fees.

Ordered that the order and judgment is reversed, on the law, the facts, and in the exercise of discretion, with costs to the petitioner, the petition is reinstated, the petition is granted to the extent that it is determined that Mae R. is an incapacitated person within the meaning of Mental Hygiene Law article 81, and the matter is remitted to the Supreme Court, Queens County, for an appropriate disposition in accordance herewith, a new determination as to the reasonable amount of compensation to be paid to the court evaluator and the court-appointed attorney who represented Mae R., setting forth the reasons therefor and the factors considered, which fees shall be paid by Mae R., and the entry of an appropriate judgment in accordance herewith.

The petitioner commenced this proceeding under Mental Hygiene Law article 81 for the appointment of a guardian of the

person and property of Mae R., an alleged incapacitated person. The petitioner sought appointment of himself as guardian of the person of Mae R., and appointment of his husband as guardian of the property. After a hearing, the Supreme Court determined that the petitioner had not established by clear and convincing evidence that Mae R. was unable to provide for her personal needs and property management, and dismissed the petition. Subsequently, the court fixed the fees to be paid to the court evaluator and the attorney it had appointed to represent the alleged incapacitated person, and directed the petitioner to personally pay those fees.

Under Mental Hygiene Law article 81, a court may appoint a guardian for a person or a person's property upon determining, by clear and convincing evidence, that the requirements of article 81 have been met (see Mental Hygiene Law §§ 81.02 [a] [2]; 81.12 [a]; Matter of Samuel S. [Helene S.], 96 AD3d 954, 957 [2012]). Before a court may appoint a guardian, it must determine (1) that a guardian is "necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety and/or to manage the property and financial affairs of that person"; and (2) that "the person agrees to the appointment, or that the person is incapacitated" within the meaning of the statute (Mental Hygiene Law § 81.02 [a] [1], [2]; see Matter of Samuel S. [Helene S.], 96 AD3d at 957; Matter of William C., 64 AD3d 277, 288 [2009]). The statute specifies the relevant considerations and issues in the determination of the need for a guardian, and expressly requires that the court consider the report of the court evaluator (see Mental Hygiene Law § 81.02 [a]) and the "sufficiency and reliability of available resources" that may satisfy the needs of the proposed ward without requiring the appointment of a guardian (Mental Hygiene Law § 81.02 [a] [2]; see Matter of Samuel S. [Helene S.], 96 AD3d at 957). Even where the court finds that appointment of a guardian is necessary, it is not required to appoint the person proposed by the petitioner (see Matter of Marilyn A.I. [Kevin D.], 106 AD3d 821, 822 [2013]; Matter of Ollie D., 30 AD3d 599, 600 [2006]).

Here, contrary to the Supreme Court's determination, which rejected the recommendation of the court evaluator, the petitioner demonstrated by clear and convincing evidence that Mae R. is an incapacitated person as defined in Mental Hygiene Law § 81.02 (b). The evidence at the hearing established that Mae R., a 91-year-old woman who presently resides by herself in her two-family home in Queens, is likely to suffer harm because she is unable to provide for her personal needs and

manage her property, and does not adequately understand and appreciate the nature and consequences of her limited abilities (*see* Mental Hygiene Law § 81.02 [b] [1], [2]; *Matter of Sandra S.*, 13 AD3d 637, 637 [2004]).

The evidence established, among other things, that, until recently, Mae R. managed her person and property with the daily assistance of a tenant who previously resided with her, and Mae R.'s grandniece, both of whom testified at the hearing and were interviewed by the court evaluator. The evidence further established that, subsequently, Mae R. executed a health care proxy and power of attorney in favor of a neighbor, and a last will and testament bequeathing her entire estate to this neighbor, who procured the attorney who drafted the alleged directives and testamentary instrument. At an interview with the court-appointed evaluator, however, Mae R. did not recall issuing the directives and testamentary instrument. Indeed, she told the court-appointed evaluator that she wished to leave her estate to family members. Further, witnesses at the hearing had heard Mae R. say that the same neighbor "makes me say things I don't mean and then I forget."

Despite her functional limitations, Mae R. clearly and succinctly expressed her opposition to having the petitioner appointed as a guardian for her. As the evidence supports a finding that the petitioner is not an appropriate person for appointment as the guardian of the person of Mae R. (and that, by extension, the petitioner's husband is not an appropriate person for appointment as the guardian of the property of Mae R.), the Supreme Court, upon remittal, shall consider an appropriate disposition pursuant to Mental Hygiene Law § 81.16 (b) and (c), including, but not limited to, the appointment of an independent guardian, or guardians, for the person and property of Mae R. (*see* Mental Hygiene Law § 81.16 [b], [c]).

We also note that, although the Supreme Court has the authority to determine the reasonable compensation of the court evaluator and the court-appointed attorney who represented Mae R. pursuant to Mental Hygiene Law § 81.09 (c) (7) and (f), the court fixed the amount of their fees without providing an explanation of the factors it considered or the basis for arriving at the amounts awarded (*see Matter of Samuel S. [Helene S.]*, 96 AD3d at 958; *Matter of Theodore T. [Charles T.]*, 78 AD3d 955, 957 [2010]). Accordingly, on remittal, the court must make a new determination as to the amount of those awards, setting forth the reasons therefor and the factors considered (*see Matter of Theodore T. [Charles T.]*, 78 AD3d at 957).

Finally, in light of our determination that Mae R. is incapaci-

tated within the meaning of Mental Hygiene Law article 81, and the absence of evidence that the petitioner commenced this proceeding in bad faith, it was an improvident exercise of discretion for the Supreme Court to direct the petitioner to pay the fees of the court-appointed evaluator and the attorney it appointed to represent Mae R. in the proceeding (see Mental Hygiene Law § 81.09 [f]; Matter of Samuel S. [Helene S.], 96 AD3d at 958; Matter of Marjorie T. [Sherwood], 84 AD3d 1255, 1255 [2011]).

The petitioner's remaining contentions have been rendered academic in light of our determination. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.