■ In the Matter of ZOFIA L., a Person Alleged to be Incapacitated. JOLANTA S., Respondent; BOGDAN L., Appellant. [26 NYS3d 95]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Zofia L., an alleged incapacitated person, Bogdan L. appeals (1), as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Mayersohn, J.), entered April 13, 2012, which, inter alia, after a hearing,

granted the petition of Jolanta S. to be appointed as the guardian of the person and property of Zofia L., awarded the sum of $3,300 to the court evaluator for services rendered, and awarded the sum of $9,500, plus disbursements, to the attorney for Jolanta S. for legal services rendered, (2) from an order of the same court dated December 12, 2012, which denied his two motions, inter alia, to remove Jolanta S. as guardian of the person and property of Zofia L. and awarded the sum of $8,500 to the court evaluator for additional services rendered, and (3) from an order of the same court dated February 7, 2013, which granted that branch of the motion of Jolanta S. which was for an award of counsel fees to the extent of awarding the sum of $19,525, plus disbursements, to counsel for Jolanta S. for additional legal services rendered, and denied his cross motion, in effect, to vacate so much of the order and judgment entered April 13, 2012, as awarded fees to the court evaluator and awarded fees, plus disbursements, to the attorney for Jolanta S.

Ordered that the appeal from so much of the order and judgment entered April 13, 2012, as granted the petition of Jolanta S. to be appointed the guardian of the person and property of Zofia L. is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated December 12, 2012, as denied the motions of Bogdan L. to remove Jolanta S. as guardian of the person and property of Zofia L. is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated February 7, 2013, as denied the cross motion of Bogdan L., in effect, to vacate so much of the order entered April 13, 2012, as awarded fees to the court evaluator and awarded fees, plus disbursements, to the attorneys for Jolanta S., is dismissed as academic in light of our determination on the appeal from the order and judgment entered April 13, 2012, without costs or disbursements; and it is further,

Ordered that the order and judgment entered April 13, 2012, and the orders dated December 12, 2012, and February 7, 2013, are reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the reasonable amount of compensation to be paid to the court evaluator and the attorney for Jolanta S., and an award of fees thereafter.

Jolanta S., the sister of Bogdan L., commenced this proceeding under Mental Hygiene Law article 81 to be appointed

guardian of the person and property of their mother, Zofia L. In an order and judgment entered April 13, 2012 (hereinafter the April 2012 order), after a hearing, the Supreme Court determined that Zofia L. was an incapacitated person and granted the petition. The April 2012 order also awarded fees to the court evaluator in the sum of $3,300, and fees to the attorneys representing Jolanta S. in the sum of $9,500, plus disbursements, to be paid from the funds of the guardianship estate.

Bogdan L. subsequently filed two motions seeking, among other things, an order directing Jolanta S. not to interfere with his visitation with Zofia L., and to remove Jolanta S. as guardian of the person and property of Zofia L. In an order dated December 12, 2012 (hereinafter the December 2012 order), the Supreme Court denied Bogdan L.'s motions and awarded the court evaluator fees in the sum of $8,500 for additional services rendered since February 24, 2012, to be paid from the funds of the guardianship estate. Thereafter, in an order dated February 7, 2013 (hereinafter the February 2013 order), the court, inter alia, granted the motion of Jolanta S. for an award of counsel fees to the extent of awarding the sum of $19,525, plus disbursements, to her attorneys for additional legal services, to be paid from the funds of the guardianship estate.

Inasmuch as Zofia L. died during the pendency of the appeals, the issues raised by Bogdan L. concerning the appointment and selection of Jolanta S. as guardian, and her service in that capacity prior to Zofia L.'s death, have been rendered academic (*see Matter of Jack S. [Roger S.]*, 88 AD3d 893, 894 [2011]; *Matter of Carl KK.*, 42 AD3d 704, 705 [2007]; *Matter of Ida S.*, 1 AD3d 440, 441 [2003]; *Matter of Klasson*, 290 AD2d 223, 223 [2002]; *Matter of Rose BB.*, 246 AD2d 820, 821 [1998]; *Matter of Foley [Messina]*, 150 AD2d 884, 884-885 [1989]). Contrary to Bogdan L.'s contention, these issues do not present an exception to the mootness doctrine (*see Matter of Wellman v Surles*, 185 AD2d 464, 465-466 [1992]; *Matter of Foley [Messina]*, 150 AD2d at 884).

Nevertheless, the issues raised concerning the awards of fees are not academic (*see* Mental Hygiene Law §§ 81.09 [f]; 81.10 [f]; *Matter of Jack S. [Roger S.]*, 88 AD3d at 894; *Matter of Marion C.W. [Lisa K.]*, 83 AD3d 1087, 1088 [2011]).

Although the Supreme Court has the authority to determine the reasonable compensation of a court evaluator and the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see Matter of Loftman [Mae R.]*, 123 AD3d 1034, 1036 [2014]; *Matter of Alice D. [Lupoli]*, 113 AD3d 609,

613-614 [2014]; *Matter of Audrey J.S.*, 34 AD3d 820, 821 [2006]), under the circumstances presented here, it improperly fixed such amounts without holding an adversarial hearing (*see Matter of Alice D. [Lupoli]*, 113 AD3d at 613; *Matter of Samuel S. [Helene S.]*, 96 AD3d 954, 958 [2012]; *Matter of Susan P.*, 243 AD2d 568 [1997]; *Matter of Stark*, 174 AD2d 746, 747 [1991]).

Further, with respect to the April 2012 and December 2012 orders, the Supreme Court failed to provide, in writing, a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Marion C.W. [Lisa K.]*, 83 AD3d at 1088; *Matter of Theodore T. [Charles T.]*, 78 AD3d 955, 957 [2010]; *Matter of Audrey J.S.*, 34 AD3d at 821).

With respect to the February 2013 order, although the Supreme Court indicated that it considered the relevant factors, "including the time and labor required in handling this proceeding, and a review of the time records submitted by counsel," the court failed to explain what weight it gave to any of the factors or otherwise explain its reasoning for crediting 71 hours of legal services at the rate of $275 per hour (*see Matter of Marion C.W. [Lisa K.]*, 83 AD3d at 1088-1089; *Matter of Martha O.J.*, 22 AD3d 756, 757 [2005]; *Matter of Catherine K.*, 13 AD3d 534, 536 [2004]; *Matter of Mavis L.*, 285 AD2d 509, 510 [2001]).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the reasonable amount of compensation to be paid to the court evaluator and the attorney for Jolanta S., taking into consideration and setting forth the appropriate factors, and an award of fees thereafter (*see Matter of Loftman [Mae R.]*, 123 AD3d at 1036; *Matter of Samuel S. [Helene S.]*, 96 AD3d at 958).

In light of our determination, the parties' remaining contentions have been rendered academic. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.