OPINION OF THE COURT
Gary F. Knobel, J.
This contested Mental Hygiene Law article 81 proceeding for the appointment of a guardian was settled after extensive conferences pursuant to a stipulation of settlement dated October 27, 2015, which was “so ordered” by this court on November 12, 2015. The stipulation of settlement provided that the petition was withdrawn without prejudice, and that the motion by Madeline H., the alleged incapacitated person (hereinafter the AIP), to dismiss the proceeding, was withdrawn. The parties deemed the stipulation to be binding regardless of whether it was converted into an order by the court.
However, the remaining issues before this court, as agreed to by the parties in their stipulation of settlement, involve the interpretation and application of Mental Hygiene Law §§81.09 (f) and 81.10 (f) in (1) apportioning between the petitioner and the AIP the percentage, from zero to one hundred, that each should bear in paying for the reasonable attorney’s fees of the Court Evaluator and/or the privately retained counsel for the AIP, and (2) determining the amount of the compensation to be awarded to Marianne A. Simoni, Esq., the Evaluator appointed by the court, and John Newman, Esq., counsel for the AIP. The parties stipulated that a maximum of $50,000 would be set aside by the petitioner from a trust fund as the source for the payments of the award. The attorneys for the parties, the Court Evaluator, and counsel for the daughter for the AIP all submitted post-stipulation affirmations in support of their positions; the daughter of the AIP submitted an affidavit regarding the allocation of counsel fees.
When the petition for the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law is denied or *836 dismissed, Mental Hygiene Law § 81.09 (f) gives the court the discretion to award a “reasonable allowance to [the] court evaluator . . . payable by the petitioner or by the person alleged to be incapacitated, or both in such proportions as the court may deem just” (see Matter of Petty, 256 AD2d 281, 282-283 [1998]; see also Matter of Fairley v Fairley, 136 AD3d 432 [1st Dept 2016]; Matter of James A. McG. [Robinson], 68 AD3d 1118 [2009]; Matter of Kurt T., 64 AD3d 819, 823-824 [2009]). Similarly, Mental Hygiene Law § 81.10 (f) states that “[i]f the petition is dismissed, the court may in its discretion direct that petitioner pay [the reasonable compensation for counsel] for the person alleged to be incapacitated” (see Matter of Marjorie T. [Sherwood], 84 AD3d 1255 [2011]; Matter of Kurt T. at 822-823; Matter of Petty). However, section 81.10 (f) begins with the direction to the court that it “determine the reasonable compensation for the mental hygiene legal service or any attorney appointed pursuant to this section. The person alleged to be incapacitated shall be liable for such compensation unless the court is satisfied that the person is indigent.”
Neither statute addresses the consequences when a petition is withdrawn.
After applying the foregoing statutes, principles of law and legal precedent in the context of the facts and procedural history of this proceeding, the court deems the withdrawal of the amended petition at bar, under the circumstances of this case, to be the functional equivalent of the dismissal of an article 81 petition for the appointment of a guardian, and assesses to the petitioner one hundred percent of the cost of the legal fees incurred by the Court Evaluator as well as by the counsel for the AIP (see Matter of Petty at 282-284; Matter of Samuel S. [Helene S.], 96 AD3d 954, 958 [2012]; Matter of Kurt T. at 824). The court finds that the petitioner’s motives were at the very least questionable in commencing this ultimately meritless guardianship proceeding since the 53-page report by the Court Evaluator dated April 13, 2015 unequivocally and emphatically concluded that the AIP was not incapacitated pursuant to Mental Hygiene Law § 81.02 (a) (see Matter of Samuel S. [Helene S.]). Counsel for the AIP promptly moved to dismiss this proceeding, but the motion was adjourned pending the Court Evaluator report and the mediation discussed below. The conclusion that the petitioner, who is in a far superior financial position compared to the AIP, did not bring this proceeding for altruistic purposes is inescapable. This article 81 proceeding *837 was the latest legal action between the parties, who remain embroiled in a matrimonial divorce action and a complicated trust dispute in Surrogate’s Court. Although the guardianship proceeding appeared to this court to be the figurative small tail on the big litigation dog, this court obtained the consent of the parties to refer this proceeding to the Nassau County Bar Association Mediation Panel in an attempt to achieve a global resolution of the three pending actions between the parties, and preserve the assets of the parties by reducing the ultimate cost incurred by legal fees, since all three proceedings involved interwoven and overlapping financial issues (see order dated May 20, 2015, Knobel, J.). However, it was not until the end of October 2015 that the petitioner finally withdrew the petition. The court notes that the petitioner’s counsel misstates the law as to his argument to the court that the petitioner would have been able to prove at a hearing the merits of the petition through the AIP’s medical records. “Although a guardianship proceeding places the alleged incapacitated person’s medical and mental condition in controversy, he or she does not waive the doctor-patient privilege unless he or she has affirmatively placed his or her medical condition in issue” (Matter of Rosa B.-S. [William M.B.], 1 AD3d 355, 356 [2003] [citations omitted]). Here the AIP never waived the doctor-patient privilege.
The court has broad discretion in determining the amount of reasonable compensation to be awarded to a court evaluator or to counsel for the alleged incapacitated person (see Matter of Zofia L. [Jolanta S.—Bogdan L.], 136 AD3d 818 [2d Dept 2016]; Matter of Alice D. [Lupoli], 113 AD3d 609, 614 [2014]; Matter of Annette B., 56 AD3d 551 [2008]; Matter of Theodore T. [Charles T.], 78 AD3d 955, 957 [2010]). In assessing the amount of reasonable compensation to be awarded for attorney’s fees, the court is required to explain and base its decision upon the following factors:
“(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney’s experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney’s services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved” (Matter of Alice D. at 613-614; see Matter of Freeman, 34 NY2d 1 [1974]).
*838 After reviewing the affirmations submitted, the court grants the following awards as reasonable compensation based upon the reasons and factors (see Matter of Loftman [Mae R.], 123 AD3d 1034, 1036 [2014]) set forth below:
Marianne Simoni, Esq., the Court Evaluator, is awarded the reasonable sum of $22,748, inclusive of disbursements, for 82.72 hours of professional services rendered (at $275 per hour) for appearing on numerous conferences and for preparing her excellent and thorough 53-page report (see Matter of Marion C.W. [Lisa K.-Maguire], 83 AD3d 1089, 1090 [2011]; Matter of Charles X., 66 AD3d 1320, 1321 [2009]). The time and labor involved were required because of the contentiousness between the parties, the numerous individuals that needed to be interviewed, the number of documents that were required to be reviewed, the parties’ complex financial circumstances, and the petitioner’s insistence that the guardianship proceeding should proceed. Ms. Simoni has been admitted to the practice of law for 27 years and has been appointed as a Court Evaluator in guardianship proceedings for the past three years. Ms. Simoni performed in an extraordinary manner under difficult circumstances between the petitioner, the AIP and the parties’ daughter. Moreover, Ms. Simoni’s report focused a spotlight on the amended petition’s lack of merit, and was instrumental in resolving this proceeding.
John Newman, Esq., counsel to the AIP, is one of the preeminent guardianship and elder law attorneys in New York State, and has been appointed by many judges in various counties to serve in the capacities of counsel to the alleged incapacitated person, counsel to the guardian, guardian and court evaluator. The Appellate Division, Second Department, has also designated him to be one of 24 court examiners overseeing guardianship proceedings in Nassau County. Although Mr. Newman made a motion to dismiss the amended petition to protect the AIP’s interests, he did not insist on it being heard in order to give the mediation a chance to be successful. However, extensive time and labor were required to be expended by Mr. Newman to properly represent the AIP against the petitioner’s attempt to strip the AIP’s civil liberties amid the intra-family squabbling. Mr. Newman’s efforts led to a positive outcome for the AIP, with her civil liberties fully intact, there being no need for a guardian for her. Attorneys who have similar experience and status within the guardianship bar charge between $400 to $600 dollars per hour for their services. *839 However, in view of the agreed upon funded $50,000 cap on the possible awards for the fees incurred by the Court Evaluator and by counsel for the AIP, John Newman, Esq., is awarded $27,051.25, inclusive of disbursements, as reasonable compensation (at $335 per hour) for 80.75 hours of legal services rendered in this proceeding.
The sums awarded herein shall be paid by petitioner’s attorney from the funds held in escrow within 10 days after the service of a copy of this order upon petitioner’s attorney.
The record in this proceeding is sealed at the request of the parties, and the motions made by the parties are deemed to be withdrawn pursuant to the October 27, 2015 stipulation.