Matter of Hutchinson (2022 NY Slip Op 03869)

Matter of Hutchinson

2022 NY Slip Op 03869

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 500234/15 Appeal No. 16130, M-01779 Case No. 2021-04285 

[*1]In the Matter of Ann Merritt Hutchinson, an Incapacitated Person, John E. Hutchinson IV, Nonparty Appellant.

John E. Hutchinson, Pittford, appellant pro se.
McCarthy Fingar LLP, White Plains (Michael S. Kutzin of counsel), and Glassman & Brown LLP, White Plains (Susan S. Brown of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about October 15, 2021, which, following a hearing, denied appellant John E. Hutchinson IV's application for reimbursement of attorneys' fees, awarded a total of $315,978.67 to the various lawyers representing the guardianship estate of Ann Merritt Hutchinson (AMH), and ordered that should appellant fail to reimburse AMH for his share of attorneys' fees within 60 days of the property guardian's demand, the property guardian was entitled to request entry of a judgment against appellant, unanimously affirmed, without costs.
Supreme Court in an extensive, well-reasoned decision providently exercised its broad discretion in setting counsel fees, as it properly considered the relevant factors and clearly explained its rationale for the fee award (see Matter of Audrey J.S., 34 AD3d 820, 821 [2d Dept 2006]). Supreme Court set forth in detail how it had addressed each attorney's request, noting the hours submitted, the billable rate, the lawyer's role, and what (if any) flaws the court had perceived in the lawyer's submission. Furthermore, the record amply supports Supreme Court's finding that that the attorneys' extensive efforts on AMH's behalf had produced a result that would ensure her well-being.
Supreme Court also providently exercised its discretion in charging approximately 60% of the legal fees to appellant, concluding that throughout the litigation, he had acted in a vexatious and self-interested manner that did not further his mother's interests (Mental Hygiene Law § 81.10[f]; Mental Hygiene Law § 81.09[f]). In concluding that appellant was responsible for the bulk of the fees, Supreme Court properly struck a balance between fees incurred through appellant's actions and those of his former counsel, on the one hand, and fees that would have been incurred even without their actions, on the other. Similarly, Supreme Court acted well within its discretion in denying appellant's request for reimbursement of his own legal fees, given the court's finding that the work performed by appellant and his counsel conferred no benefit upon AMH and, in fact, caused her to suffer harm. Under these circumstances, Supreme Court providently directed that Mr. Hutchinson is responsible for $189,152.92 and the guardianship is responsible for the balance, and ordered the guardianship to pay all of the legal fees in the first instance, with a claim against Mr. Hutchinson for the amount for which he is responsible. M-01779 In the Matter of Ann Merritt Hutchinson
Motion to enlarge the appendix, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022